SELMA AND MERIDIAN RAILROAD COMPANY v. LOUISIANA
NATIONAL BANK OF NEW ORLEANS.

Where, by reason of the failure of the appellant to enter into an undertaking
to the clerk for the payment of his fees, or otherwise satisfy him in that
behalf, the appeal has, upon motion of the appellee, been docketed and dis-
missed, the court will not, on motion of the appellant, at a subsequent term,
set aside the order of dismissal, and grant leave to file the record and docket
the cause.

MOTION for leave to set aside an order dismissing an appeal
from the Circuit Court of the United States for the Southern
District of Alabama, under the ninth rule at the last term, and
for leave to file the record and docket the cause at the present
term.

*Mr. Philip Phillips* for the appellant, in support of the
motion.

*Mr. Thomas J. Durant, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the
court.

The appeal in this cause was taken June 16, 1875. It was
the duty of the appellants, therefore, under rule 9, par. 1, to
file a transcript of the record with the clerk, and docket the
cause within the first six days of the last term. The same rule
provides, par. 3, that upon the filing of the transcript the
appearance of counsel for appellant shall be entered. This
was promulgated at the December Term, 1867, and has been
in force since that time. 6 Wall. v. As early as the February
Term, 1808, it was " ordered that all parties in this court, not
being residents of the United States, shall give security for the
costs accruing in this court, to be entered on record," 4 Cranch,
537; but at the January Term, 1831, this was amended so as to
read as follows: " In all cases the clerk shall take of the plain-
tiff a bond with competent security, to respond to the costs, in
the penalty of $200, or a deposit of that amount to be placed
in bank subject to his draft." 5 Pet. 724. This last order
was continued in force substantially as originally promulgated
until May 8, 1876, during the last term, when it was amended
so as to read as follows: " In all cases the plaintiff in error or

appellant (on docketing a cause and filing the record) shall enter into an undertaking to the clerk, with security to his satisfaction, for the payment of his fees, or otherwise satisfy him in that behalf." 91 U. S. vii.

In *Owings* v. *Tiernan's Lessee*, 10 Pet. 447, a transcript of the record was lodged with the clerk, Oct. 24, 1835; but he refused to file it or docket the cause until the fee bond was given, as required by the rule of 1831. At the January Term, 1836, the defendant in error moved that the cause be docketed and dismissed, and the plaintiff in error, that the transcript be filed and the cause docketed without the bond. The motion of the plaintiff in error was overruled, but leave was given him to docket the cause upon giving the bond; and it was ordered that if this was not done by March 1, the motion of the defendant in error to docket and dismiss be granted. Afterwards, in *Van Rensselaer* v. *Watts*, 7 How. 784, a record was lodged with the clerk early in 1848, but no fee bond given. At the January Term, 1849, the counsel for the appellant, having then filed the necessary bond, moved the court to direct the clerk to docket the cause as of the day the record was received by him; but this was refused, Mr. Chief Justice Taney saying, "This court consider the practice established by the decision in *Owings* v. *Tiernan*, 10 Pet., and do not wish to disturb it."

The transcript in this case was lodged with the clerk Oct. 5, 1875, but no fee bond was given and no appearance of counsel entered. An attempt has been made to show that neither the appellant nor its counsel knew that the security was required; but it does appear that as early as Nov. 25, 1875, both counsel and appellant did understand that $200 was required by the clerk for some purpose, and the agents of the appellant who had the appeal in charge were advised that they " would do well to attend to it without delay." No heed was given to this suggestion; and three months afterwards, Feb. 24, 1876, a motion to docket and dismiss was made and granted. The court continued in session until May 8, and no attention was given to the case by the appellants previous to the adjournment.

Without undertaking to determine what he might do in a case where an appeal had been dismissed through our own

mistake, we have no hesitation in deciding that the failure of this appellant to perfect its appeal has been because of its failure to comply with a rule of practice which has been rigidly enforced for more than forty years. In addition to this, we are not satisfied, from the showing made, that at least one of the counsel for the appellant did not have actual knowledge of the existence of the rule; and it is very clear that if, after the agents of the appellant were advised of the demand for security of some sort, they had exercised any diligence whatever in ascertaining what was actually required of them in the premises, they would have at once received the necessary information.

*Motion denied.*