## EDWARDS *v.* UNITED STATES.

A. sued out a writ of error returnable to the October Term, 1877. The return was duly made, the transcript of the record lodged in the clerk's office in September of that year, and a citation issued and served in time; but by an oversight of A.'s counsel no fee-bond was given. The cause was not docketed. In September, 1878, the bond was filed and the cause then docketed, no motion to docket and dismiss having in the mean time been made. *Held*, that a motion made at the present term to dismiss the writ must be denied.

MOTION to dismiss a writ of error to the Circuit Court of the United States for the Western District of Michigan.

The facts are stated in the opinion of the court.

*Mr. J. W. Stone* and *Mr. M. J. Smiley* in support of the motion.

*Mr. H. F. Severens, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The writ of error in this case was returnable to the October Term, 1877. The return was duly made, and a transcript of

the record lodged in the office of the clerk of this court on the 27th of September, 1877. A citation in due form was issued and served in time. By an oversight of the counsel for the plaintiff in error no fee-bond was given, and the cause was not docketed during the term of 1877. No motion to docket and dismiss was ever made, and on the 3d of September, 1878, the attention of counsel having been called to the omission of the security for costs, an acceptable bond was given and the cause docketed in form. Under these circumstances we are not inclined to dismiss the suit. We are aware that in some of the cases it has been said that a writ of error or an appeal becomes inoperative if a transcript is not filed and the cause docketed during the term to which it is made returnable, but this has always been in cases where a return had not been made and a transcript had not been filed within the time. The language should, therefore, be construed in connection with those facts. In *Owings* v. *Tiernan's Lessee* (10 Pet. 447) and *Van Rensselaer* v. *Watts* (7 How. 784), leave was given to docket the cause after the term, when the transcript had been filed in time, but through inadvertence a fee-bond had not been given and there had not been in the mean time a motion to docket and dismiss. That is this case. In *Selma & Meridian Railroad Co.* v. *Louisiana National Bank* (94 U. S. 253), the transcript was filed in time, but the cause not docketed because of a failure to furnish a fee-bond. In this state of things, and while the default continued, a motion to docket and dismiss was made under rule 9, and granted. At the next term the appellant appeared, and moved to set aside the order of dismissal and docket his appeal. This we refused, under the circumstances of that case. After a cause has been docketed and dismissed it cannot be again docketed unless by order of the court. Such is the rule. If a return is made and the transcript deposited in the clerk's office in time, our jurisdiction is kept alive. The docketing of the cause after that is mere procedure, and if unreasonably delayed, the parties may be subjected to the consequences of a failure to prosecute a suit, which rest largely in the discretion of the court when not provided for by rules. Rule 9 is of that class.

In this case it is abundantly shown that the omission to give

the bond was through inadvertence and without any intention to delay the due prosecution of the suit. No harm has been done, save possibly a short extension of the time for bringing on the hearing. The defendants in error have delayed their motion to dismiss until a new writ is barred by lapse of time.

*Motion denied.*