JOHNSON, DANIELS & CO., APPELLANTS, VS. THE COUNTY OF POLK, APPELLEE, AND E. A. BRANTLEY, APPELLANT, VS. THE COUNTY OF POLK, APPELLEE.

1. A refusal by an appellant to comply with Supreme Court Rule 21, as to a money deposit or bond to secure the Clerk's costs, is a ground for the dismissal of an appeal which has not been docketed.

2. Dismissal ordered unless the rule shall be complied with in twelve days.

Appeal from the Circuit Court for Polk county.

The facts of the case are stated in the opinion.

*G. A. Hanson* for the motion.

MR. JUSTICE RANEY delivered the opinion of the court:

The appellee moves in each of these cases to docket and dismiss on the ground that no assignment of errors has been filed, and the further ground that appellant has not complied with Rule 21 which requires of the appellant a deposit of $15, or security by bond, or recognizance, for payment of the Clerk's costs. There is in each transcript a formal assignment of errors, which counsel for appellee overlooked, doubtless because such assignments are ordinarily filed in civil cases separately from the transcript. This ground is therefore not tenable.

The authority of the court to make Rule 21 was settled in Robinson vs. Roberts, 16 Fla., 126. The Supreme Court of the United States, which has a substantially similar rule, makes a refusal by appellant to comply with its terms the ground of dismissal on motion of appellee. Ownings vs. Turman, 10 Peters, 447; Van Renslaer vs. Watt, 7 How., 784; Selma & M. R. R. Co. vs. La. N. Bk., 94 U.

S., 253. This record was filed in this court in July last, the appeals having been returnable to the June term.

It is a valid rule and appellees should neither have to provide for docketing appeals, nor be delayed by the refusal or continued omission of appellants to do so. If the Clerk sees fit to docket a case without requiring the deposit or other security it is of no concern to any one else.

An order will be entered that the cases stand dismissed in the event the rule is not complied with in twelve days from the entry of the order. This course is just, and not without precedent. Ownings vs. Turman, *supra*. It will be so ordered, and the Clerk will notify the appellants through mail of such order at once.