**H.E. BUTT GROCERY CO., Appellant,**

v.

**Barbara NAVARRO, Appellee.**

**No. 13–83–105–CV.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 22, 1983.

Robert N. Kepple, Fulbright & Jaworski, Attys. at Law, Houston, for appellant.

Scott F. Cline, Cline & Cline, Wharton, for appellee.

Before NYE, C.J., and BISSETT and YOUNG, JJ.

## OPINION

BISSETT, Justice.

This is a venue case wherein appellant, H.E. Butt Grocery Company, is appealing from an order overruling its plea of privilege. Appellee, Barbara Navarro, a resident of Wharton County, Texas, brought suit in the 329th District Court of Wharton County to recover damages for personal injuries she sustained as a result of a fall in appellant's place of business. Appellant filed a plea of privilege to be sued in Nueces County, Texas, the County of its domicile. Appellee filed a controverting affidavit alleging that the suit was lawfully maintainable in Wharton County, Texas, under Section 9a of Tex.Rev.Civ.Stat.Ann. article 1995 (Vernon Supp., 1982). After a hearing before the court, the trial judge overruled the plea of privilege and appellant duly perfected this appeal. We reverse and render.

Appellant's three points of error all assert that the trial court erred in overruling its plea of privilege because there was no evidence or alternatively insufficient evidence to support the court's implied findings and conclusions that appellant had committed a negligent act.

Appellee testified that on July 10, 1982, she entered appellant's place of business in Wharton, Texas, at approximately 8:00 in the evening. She entered the store for the purposes of buying groceries. She was accompanied by her husband and children. She had been a regular customer of the store for a period of fourteen years. Upon approaching the produce section of the store, she slipped and fell on a banana peel lying on the floor. Her fall was in close proximity to a grocery cart full of overripe bananas that had been placed in the produce aisle by appellant for sale. Appellee further testified that as a result of her injury she was unable to work for a period of two months and that she had sustained medical expenses. The only other significant testimony was that of Anthony Jones, the night manager of the store on the evening of July 10, 1982. He testified that his responsibilities as night manager were basically running the store. He acknowledged that the produce area of the store was more susceptible to having items fall on the floor than the rest of the store. He also testified that appellant had no written or oral policy concerning taking care of their floors, but that his store policy was that he personally checked the store every ten to fifteen minutes and that any fallen objects were immediately removed and any spills were immediately swept up. He also testified that the area where the appellee fell had been swept five minutes prior to her arriving at the store. He further testified that on the date in question he had checked the floors after they had been swept immediately prior to appellee's arrival at the store. He further testified that it was his policy to treat all of the floors in the store in the same manner. He also stated that he did not believe that a better or different method of cleaning the floors should be utilized in the produce section. Finally, he said that on the night in question he had four persons assigned to the produce section for the purposes of monitoring the floors and cleaning up spills.

In deciding a "no evidence" or "insufficient evidence" point of error we will follow the well established rules set forth in *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); Calvert, "No Evidence" and "Insufficient Evidence" "Points of Error," 38 Tex.L.Rev. 359 (1961).

Section 9a of article 1995, supra, sets out very clearly the facts necessary to be established in order to maintain venue in a county other than the county of the defendant's residence. These facts are:

(1) That an act or omission of negligence occurred in the county where suit was filed.

(2) That such act or omission was that of the tort-feasor, in person, or that of the servant, agent or representative acting within the scope of his employment, or that the person whose estate the defendant represents as executor, administrator, or guardian.

(3) That such negligence was the proximate cause of the plaintiff's injury.

To sustain venue under Section 9a of the statute, the plaintiff must establish the essential elements of a cause of action in negligence. Appellee's cause of action is characterized by appellee as one for "premises liability" meaning that appellee has alleged and seeks to prove that appellant negligently violated the duty owed by a business owner to a business invitee.

 A business invitee is owed the duty by the owner of the premises to keep the premises in a reasonably safe condition and to inspect the premises to discover any latent defects and to make safe any defects or give adequate warnings. *Adam Dante Corp. v. Sharpe*, 483 S.W.2d 452 (Tex.1972); *Rowland v. City of Corpus Christi*, 620 S.W.2d 930 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). The test to determine an owner's liability for injuries suffered on his premises by an invitee was set forth in *Adam Dante,* supra, wherein the Court accepted § 343 of the Restatement (Second) of Torts (1965). This test is: 1) that the defendant created or maintained a condition on the premises giving rise to an unreasonable risk of injury to persons thereon; 2) that the owner knew or in the exercise of reasonable care should have known of the existence of the condition and that he should have appreciated its danger. Thus, when an occupier has actual or constructive knowledge of any condition on the premises that poses an unreasonable risk of harm to invitees, he has a duty to take whatever action is reasonably prudent under the circumstances to reduce or eliminate the unreasonable risk from that condi-

tion. *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292 (Tex.1983).

 An invitee's suit against a store owner is a simple negligence action. *Parker v. Highland Park, Inc.,* 565 S.W.2d 512 (Tex.1978); *Rosas v. Buddies Food Stores,* 518 S.W.2d 534 (Tex.1975). The standard of conduct required of a premise occupier toward his invitees is the ordinary care that a reasonably purdent person would exercise under all pertinent circumstances. Consequently, an occupier's liability to an invitee depends on whether he acted reasonably in light of what he knew or should have known about the risk accompanying a premises condition, not whether a specific set of facts or a specific breach of duty is established. *Corbin* at 295. Therefore, the appellee's right to recover from appellant depends on her showing appellant's knowledge of the foreseeable harm from some course of conduct or method of operation. She was not required to prove one particular instant of negligence or knowledge of one specific act.

 Appellee argues that the acknowledgment by appellant's night manager that the area where appellee fell experienced a propensity for produce items to fall on the floor greater than the rest of the store created a greater standard of care than the other parts of the store. In essence, she says that some special policy should have been instituted by appellant to protect customers from produce items on the floor in this part of the store. Appellant's liability to appellee depends on its knowledge of store conditions posing risk to customers and the failure to act reasonably to respond to those risks, not on the failure to adopt additional preventive policies. If reasonable store conduct includes the use of floor mats or the adoption of some additional maintenance standards then appellant would be held liable for not using them regardless of company policy. *Corbin,* at 298. However, appellee failed to tender any evidence and we find none in the record which shows that appellant's policy in dealing with spills in this area of the store was such that created an unreasonable risk of

harm to the appellee or that the specific item upon which appellee fell was one of which appellant knew or should have known of and failed to take proper steps to remedy. The evidence, taken as a whole, fully supports the proposition that appellant acted in a reasonable manner and in fact had instituted reasonable policies to prevent the accident in question from occurring.

There is no evidence that appellant placed the banana peel on the floor, or that it had been on the floor for such a period of time that it should have been discovered and removed by appellant in the exercise of ordinary care before appellee stepped on it, slipped and fell. Appellant's points of error are sustained.

The judgment of the trial court is REVERSED and judgment is RENDERED that the cause be transferred to the District Court of Nueces County, Texas.