**Rhonda MITCHELL, Plaintiff and Appellant**

**v.**

**Rodney ANKNEY and Sandra Ankney, Defendants and Respondents.**

**No. 15149.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 18, 1986.

Decided Nov. 19, 1986.

Robert L. O'Connor, Sioux Falls, for plaintiff and appellant.

Comet Haroldson of Woods, Fuller, Schultz & Smith, Sioux Falls, for defendants and respondents.

WUEST, Chief Justice.

This is an appeal from a summary judgment in favor of the defendants in a personal injury case. We reverse and remand for trial on the merits.

The defendants, Sandra Ankney (Ankney) and her husband, provided baby sitting services in their home for the plaintiff, Rhonda Mitchell (Mitchell). On June 10, 1983, Mitchell and her husband arrived at the Ankney home to pick up their daughter. At the foot of the front porch was a garden hose which ran underneath the porch step and out to the lawn on the side of the house. As she was leaving the house, Mitchell fell at the base of the porch and sprained her ankle.

Mitchell claims she stepped down from the porch and tripped on the garden hose as her foot reached the ground. She asserts in her complaint that the Ankneys

were negligent in having the hose running out from under the porch. The Ankneys dispute Mitchell's version of the facts by claiming that Mitchell began to stumble and fall as she descended the porch step. They also assert in their answer that Mitchell was contributorily negligent more than slight and therefore barred from recovery. We hold the trial court erred in granting summary judgment to the defendants.

■ Negligence liability in tort requires a showing of the defendant's negligent breach of the standard of reasonable and ordinary care, and even if negligence is proven, recovery may be barred or reduced by the plaintiff's own contributory negligence. *See*, SDCL 20-9-1; 20-9-2. "[T]he norm of conduct of an ordinary, reasonably prudent person must be considered in determining the extent to which each party fell below that standard and, thus, was found negligent or contributorily negligent." *Lovell v. Oahe Elec. Co-op.*, 382 N.W.2d 396, 399 (S.D.1986); *Nugent v. Quam*, 82 S.D. 583, 594-95, 152 N.W.2d 371, 377 (1967).

■ Although not absolute, "[w]hat constitutes due care and other questions relating to negligence and contributory negligence are generally questions of fact for the jury." 382 N.W.2d at 399; *Hitzel v. Clark*, 334 N.W.2d 37, 38 (S.D.1983); *Stoltz v. Stonecypher*, 336 N.W.2d 654, 657 (S.D.1983). Issues of negligence, contributory and comparative negligence, and proximate cause are ordinarily questions of fact and it must be a clear case before a trial judge is justified in taking these issues from the jury. "It is only when reasonable men can draw but one conclusion from facts and inferences that they become a matter of law and this rarely occurs." *Wilson v. Great Northern Railroad Company*, 83 S.D. 207, 157 N.W.2d 19 (1968).

■ A jury should determine whether the Ankneys breached any duty of reasonable care. The jury must also determine if Mitchell was contributorily negligent, and if so, if the negligence was slight in comparison with the negligence of the defend-

ants. *Lovell, supra.* A trial court may grant summary judgment only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. SDCL 15-6-56(c). "A genuine issue of fact exists where, on the basis of facts in the record, reasonable minds could differ on whether the defendant's conduct measures up to the required standard." *Nemec v. Deering*, 350 N.W.2d 53 (S.D.1984). In this case, reasonable minds could reach different conclusions on the issues, and therefore summary judgment was improperly granted.

Mitchell charges in her complaint that Ankney was negligent in having the hose placed under the porch step (an act). She also argues on appeal that Ankney had a duty to protect her by warning her of the garden hose and the potential for injury, and the duty to protect was breached primarily in failure to give warning (an omission).

■ As a general rule, the possessor of land owes an invitee or business visitor the duty of exercising reasonable or ordinary care for the benefit of the invitee's safety, and the possessor is liable for the breach of such duty. *Stenholtz v. Modica*, 264 N.W.2d 514 (S.D.1978); *Norris v. Chicago, M., St. P. & P.R. Co.*, 74 S.D. 271, 51 N.W.2d 792 (1952); Restatement (Second) of Torts § 343 (1965). This duty of reasonable and ordinary care requires keeping the property *reasonably safe* for the benefit of the invitee. Restatement (Second) Torts, § 343, comment *b;* 1, 1E Frumer, Personal Injury—Actions, Defenses, Damages, §§ 1.04[2][d], 1.07[2][a][ii] (1980 and 1986 Supp.); 63 Am.Jur.2d, Premises Liability, § 238 (1972); *Sears, Roebuck & Co. v. Chandler*, 152 Ga.App. 427, 263 S.E.2d 171 (1979); *Tommerup v. Albertson's, Inc.*, 101 Idaho 1, 607 P.2d 1055 (1980); *Keller v. Holiday Inns, Inc.*, 105 Idaho 649, 671 P.2d 1112 (Idaho App. 13 Dist.1983); *See, H.E. Butt Grocery Co. v. Navarro*, 658 S.W.2d 842 (Tex.App.1983). This general duty includes the duties owed to licensees: to *warn* of concealed, dangerous conditions known to the landowner and to use ordi-

nary care in active operations on the property. Rest.2d, *supra,* § 343, comments b and d; 1E Frumer, *supra,* § 1.07[2][a][ii]; *See also, Lewis v. United States,* 663 F.2d 818 (8th Cir.1981); *Ellis v. Safeway Stores, Inc.,* 410 A.2d 1381 (D.C.App.1979); *Burk's v. Madyun,* 105 Ill.App.3d 917, 61 Ill.Dec. 696, 435 N.E.2d 185 (1982); *Canales v. Dominick's Finer Foods, Inc.,* 92 Ill. App.3d 773, 48 Ill.Dec. 272, 416 N.E.2d 303 (1981); *Wingett v. Teledyne Industries, Inc.,* 479 N.E.2d 51 (Ind.1985). The duty to warn is a subpart of the duty to keep the property reasonably safe. The duty to keep the property reasonably safe is in turn a subpart of the general duty to exercise reasonable care.

Mitchell's arguments rest on a basic presumption: that the garden hose was a dangerous condition, and therefore the property was not reasonably safe. Whether the garden hose was dangerous enough to the point where the premises were no longer reasonably safe is the basis for finding: (1) if the Ankneys are liable because their property was not safe enough for their invitee, and (2) that there was a duty to warn Mitchell about the hose. The presence of an actual and unreasonable danger has been assumed by everyone, even though one must conclude that reasonable men could differ on whether or not the garden hose was a dangerous condition under the circumstances or if the property was therefore no longer reasonably safe.

A jury may find that the hose was dangerous under the circumstances or that it was at least potentially dangerous. Although a jury may decide this issue quickly, it is the essential basis on which all the other issues in this case rest. If the property could be considered to have been reasonably safe, then there was no breach of a duty of reasonable care or any need for a warning. Since reasonable minds could disagree, the court could not rule on this issue as a matter of law.

If the property was found to have a concealed danger, the requirement to "make safe" dangerous conditions will usually be satisfied where a reasonable warning has been given. Apparently no warning was given, and there could be a basis of liability. However, as the defendants point out, a duty to warn usually does not exist where the dangerous condition is so obvious that the invitee should reasonably have been aware of it.

> The liability of an owner or occupant to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. * * * There is no liability for injuries from dangers that are obvious, reasonably apparent, or as well known to the owner or occupant.

*Norris, supra,* 74 S.D. at 272, 51 N.W.2d 792, *citing* 38 Am.Jur., Negligence, § 97.

> The possessor of land, said the court in *Bennett v. Louisville and N.R.R. Co.,* [12 Otto 577] 102 U.S. 577, 26 L.Ed. 235, is liable to invitees for injuries 'occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist, without timely notice to the public or to those who were likely to act upon such invitation.'

*Norris, supra.*

The possessor of land is not an insurer of the safety and welfare of an invitee, and thus an owner or occupier of premises may not be liable for injuries where the dangerous condition is known or obvious to the invitee. *Stenholtz, supra;* Rest.2d, *supra,* § 343A(1); 1 Frumer, *supra,* § 1.04[2][d].

> The word 'known' denotes not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves. Thus the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the proba-

bility and gravity of the threatened harm must be appreciated. 'Obvious' means that both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of visitor, exercising ordinary perception, intelligence, and judgment.

*Stenholtz, supra.*

The rationale behind this rule can be found in Rest.2d, *supra,* § 343A, comment *e.*

In the ordinary case, an invitee who enters land is entitled to nothing more than knowledge of the conditions and dangers he will encounter if he comes. If he knows the actual conditions, and the activities carried on, and the dangers involved in either, he is free to make an intelligent choice as to whether the advantage to be gained is sufficient to justify him in incurring the risk by entering or remaining on the land. The possessor of the land may reasonably assume that he will protect himself by the exercise of ordinary care, or that he will voluntarily assume the risk of harm if he does not succeed in doing so. Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or *even warning,* against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them.

Ankneys cites *Stenholtz* and Rest.2d, *supra,* § 343A, comment *b.* They contend that there is no liability since the garden hose was, if not a known condition, at least a condition "obvious" enough for an ordinarily prudent person to observe. Their argument seems to be based on the defense of contributory negligence in that Mitchell would have seen the hose if she had herself exercised reasonable care under the circumstances. Technically, however, rather than being an affirmative defense, the existence of an "obvious" danger instead disposes of the owner's duties in the first instance. In analyzing this issue, a jury would have to decide if the Ankneys knew that a dangerous condition existed. They would also have to determine if the hose

was so obvious that a reasonable invitee should have seen it.

Mitchell first sidesteps the issue of an "obvious" condition by stressing that she did not assume the risk of a "known" condition. *See,* Rest.2d, *supra,* § 343A, comment *b* and *e.* Mitchell argues she did not see the hose and so could not have actual knowledge. However, Mitchell does counter Ankney's argument directly by also citing *Stenholtz,* which cited Rest.2d, *supra,* § 343A, comment *f* for the proposition that:

There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. *In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection.* This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, *where the possessor has reason to expect that the invitee's attention may be distracted,* so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so outweigh the apparent risk. In such cases the fact that the danger is known, or obvious, is important in determining negligence, or assumption of risk. (See § 466 and 496D.) It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances. (Emphasis added)

§ 343A, comment *f, supra.*

Mitchell points out that comment *f* says that even if the dangerous condition is

known by the invitee or is so obvious that a reasonable person would have seen it and avoided it, there is still a duty of reasonable care owed by the possessor, and this general duty of reasonable care may require a warning if the duty to maintain the premises in a reasonably safe condition has not been met. In other words, if the possessor forsees injury in all probability anyway due to the circumstances, there is still a duty to warn or make safe. It is material whether or not Mitchell was distracted as she descended the porch step. At that moment, Ankney spoke to say she could not baby sit next week and that Mitchell would need to find another sitter. Under the analysis in paragraph two of comment *f*, § 343A, this distraction could cancel Ankneys' "obvious danger" defense and revive the need to warn even though the hose was "obvious." A distraction could either cause Mitchell to forget the hose was there or distract her to the point where she might easily forget to look where she was going. The jury must determine if Mitchell was distracted, and that she probably would have seen the hose if she had not been distracted. Further, a jury would then have realized that if distracted Mitchell might not see the danger on her own and would therefore need warning even though the hose was "obvious."

Another material fact in issue is whether or not the garden hose caused the fall. This issue is a key to the issue of liability. Even if the hose is found to have presented an unreasonable risk, there will be no liability if it was not the proximate cause of the injury. It is for the jury to decide such disputed issues of material fact.

For these reasons we reverse and remand for determinations of these relevant and material issues of fact by the jury.

FOSHEIM, MORGAN, and SABERS, JJ., concur.

HENDERSON, J., concurs specially.

HENDERSON, Justice (specially concurring).

In registering my concurrence herein, reference is made to my dissent in *Morten-*

*son v. Braley*, 349 N.W.2d 444, 446 (S.D. 1984).

In said dissent, I set forth Restatement (Second) of Torts § 343 (1965), and quoted as follows:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

*Mortenson*, 349 N.W.2d at 446.

Amplifying further, I wrote in said dissent as follows:

This duty of reasonable care is the highest duty owed to any entrant upon the land and imparts an affirmative duty to inspect the premises for unreasonably dangerous conditions. *Cul-Co., Inc. v. Redd*, 577 S.W.2d 557 (Tex.Civ.App. 1979); *Crotty v. Reading Industries, Inc.*, 237 Pa.Super. 1, 345 A.2d 259 (1975); *Hanson v. Town & Country Shopping Center, Inc.*, 259 Iowa 542, 144 N.W.2d 870 (1966); *Smith v. Henger*, 148 Tex. 456, 226 S.W.2d 425 (1950). In fact, it is this duty of inspection which distinguishes the obligation of a possessor of land owed to an invitee and that owed to a mere licensee. *Crotty*, 345 A.2d 259; Restatement (Second) of Torts § 343 comment b (1965).

Further, as in other negligence actions, where the duty is invoked, imputed or constructive knowledge on the part of the defendant may be sufficient to satisfy the requirement, and lack of knowledge may be wholly immaterial. 62 Am. Jur.2d *Premises Liability* § 68 (1972).

*Mortenson*, 349 N.W.2d at 446.

At pages 446–47, *Mortenson*, I elaborated:

The term "reasonable care" is not susceptible of one definition, however, and must be given meaning in relation to the circumstances. *McCormick v. Waters,* 594 S.W.2d 385 (Tenn.1980). *Crotty* [*v. Reading Industries, Inc.,* 237 Pa.Super. 1, 345 A.2d 259 (1975) ]; *Smith* [*v. Henger,* 148 Tex. 456, 226 S.W.2d 425 (1950) ]. For example, the Restatement is clear that the duty does not arise when dangers are known or obvious to the invitee, *unless the possessor should anticipate harm despite this obviousness.* Restatement (Second) of Torts § 343A(1) (1965). *Young v. Jefferson Hotel Corp.,* 541 S.W.2d 32 (Mo.App.1976). (Emphasis supplied mine.)

In my dissent in *Mortenson,* at 447, I continued:

Clearly, in light of these circumstances, and by the rules just set forth, factual issues remained which should not have been taken from the jury. For example, it is for a jury to decide (1) whether by the exercise of reasonable care appellee should have discovered the danger and realized that it involved an unreasonable risk of harm; (2) whether appellee should have expected that appellant would not discover or realize the danger; and (3) whether appellee failed to exercise reasonable care or realize the danger.

In concluding, in said dissent, I wrote: "Further, it might be reasonably questioned whether the condition or activity was known or obvious to appellant and if appellee should have anticipated the harm despite such knowledge or obviousness." *Id.* at 447.

Therefore, I join the majority opinion deeming there are material facts in issue in this case. Summary judgment was not intended to be used as a substitute for a court trial by jury where a genuine issue of material fact exists. *Wilson v. Great Northern Ry. Co.,* 83 S.D. 207, 157 N.W.2d 19 (1968). I am particularly impressed by plaintiff's testimony, in her deposition, that she never saw this hose while walking to the front door of the defendant's residence; neither, according to her testimony, did she see the water hose while leaving the residence and as she walked away from the defendant's residence as she stepped down off the porch deck onto the concrete driveway. Defendant Sandra Ankney admitted that plaintiff was turned in her direction while exiting and did not warn plaintiff of the danger of the garden hose which was lying under the porch step and spilled out over onto the driveway in front of the defendant's vehicle where plaintiff stepped and fell down. *See* special concurrence of Henderson, J., in *Kryger v. Dokken,* 386 N.W.2d 481, 484 (S.D.1986), for express declaration concerning responsibility of owner to invitee on discovering a dangerous condition and avoiding an injury to his invitee. As I understand the depositions, this hose, prior to this occasion, had not been placed in such a position which would cause injury to an unsuspecting pedestrian. Defendant Sandra Ankney, by affidavit, admits, in effect, plaintiff was distracted when she addressed her as she walked across a wooden deck, took two steps to the ground, took about two steps more, and then turned around to look at defendant Sandra Ankney. Plaintiff was carrying her daughter, who weighed approximately 25 pounds in one hand, and a diaper bag and her purse in the other hand. Under all of the facts, a jury can decide whether defendant failed to warn an invitee, namely Rhonda Mitchell, against the possibility of injury. The plaintiff was not occupying the status of a social guest or licensee, as she was an invitee. Perhaps defendant Sandra Ankney did not anticipate plaintiff stepping on the hose. However, a question of fact surely arises as to the foreseeability thereof. *Ward v. LaCreek Elec. Ass'n,* 83 S.D. 584, 588, 163 N.W.2d 344, 346 (1968); *Loonan Lumber Co. v. Wannamaker,* 81 S.D. 51, 131 N.W.2d 78 (1964).