2004 SD 1

**Donald LUTHER and Connie Luther, Plaintiffs and Appellants,**

v.

**CITY OF WINNER, a South Dakota Municipality, and Dan Britton, Defendants and Appellees.**

Nos. 22816, 22830.

Supreme Court of South Dakota.

Considered on Briefs Nov. 17, 2003.

Decided Jan. 7, 2004.

Stephanie E. Pochop of Johnson, Eklund, Nicholson, Peterson, Gregory, South Dakota, Attorneys for plaintiffs and appellants.

David A. Pfeifle of May and Johnson, Sioux Falls, South Dakota, Attorneys for defendant and appellee, City of Winner.

J.M. Grossenburg, Winner, South Dakota, Attorney for defendant and appellee, Dan Britton.

SABERS, Justice.

[¶ 1.] Donald Luther sued Dan Britton and the City of Winner (City) for negligence. City brought a motion for summary judgment in which Britton joined. The trial court denied that motion. Britton then brought another motion for summary judgment which City joined. The trial court granted the second motion in favor of both defendants. Luther appeals. By notice of review, City and Britton appeal the denial of the first motion for summary judgment. We 1) affirm the grant of Britton's second motion for summary judgment; 2) reverse the grant of summary judgment with regard to City's second motion for summary judgment; and 3) affirm the denial of defendants' first motion for summary judgment.

## FACTS

[¶ 2.] In 1997, City finished a project that included renovation of several blocks of its Main Street. The renovations included changing curbs, gutters and sidewalks. Britton was the engineer hired by City to design the renovations. Because one side of the street was approximately two feet lower than the other side, there were serious drainage problems. Part of the correction of these problems included changing the sidewalks in front of several downtown stores, including Karl's Appliance. The new design for the sidewalk in front of Karl's includes a 6 inch step in the sidewalk in addition to the curb.

[¶ 3.] Britton's brief notes the following information regarding the sidewalk design:

The sidewalk runs north and south. Karl's T.V. is located on the west side of the street in the middle of the block. The Winner Elk's club is located on the east side of Main Street. The sidewalk in front of Karl's, from the curb to the store front, is approximately 14.4 feet wide. The step in question is approximately 4.6. feet west of the curb. It is then approximately 9.8 feet west from the step to the front of Karl's.[1]

---

1. This description is based on measurements taken by Britton's attorney and written in his

In other words, a customer of Karl's would step out of the store on a level surface, walk approximately ten feet forward, encounter a six inch step down in the middle of the sidewalk, walk approximately four and a half feet and encounter the curb.

[¶ 4.] On June 23, 1999, Luther went to Karl's to purchase a refrigerator switch. He walked into the store from the street. He climbed both the curb and the step to get into the store. After shopping for awhile, Luther attempted to return to his car. As he walked toward his car, he forgot the step was there and he fell, causing injury to his shoulder. Luther asserts that at the time of his fall, there was no handrail or marking on the step or sidewalk to indicate that there was a step.

[¶ 5.] Luther brought suit against Britton and City for negligent design and construction, and failure to warn of a dangerous condition. The trial court granted summary judgment to both defendants, holding that Plaintiff failed to present expert testimony regarding the standard of care. Luther appeals raising two issues:

1. Whether there are genuine issues of material fact which preclude summary judgment on the negligent design and failure to warn claims against Britton.

2. Whether there are genuine issues of material fact which preclude summary judgment on the negligence claim against the City.

By notice of review, the defendants raise one issue:

3. Whether the trial court erred in denying the defendants' first motion for summary judgment.

brief. However, there is no specific description of the site in the record.

2. Luther's complaint does allege negligent design and construction and negligence by failing to warn. However, his brief does not

## STANDARD OF REVIEW

[¶ 6.] Our standard of review on a grant or denial of summary judgment is well settled. Summary judgment is proper where, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. SDCL 15-6-56(c).

> We will affirm only when there are no genuine issues of material fact and the legal questions have been correctly decided. [ ] We view all reasonable inferences drawn from the facts in the light most favorable to the non-moving party. [ ] In addition, the moving party has the burden of clearly demonstrating an absence of any genuine issue of material fact and an entitlement to judgment as a matter of law.

*Roden v. General Cas. Co. of Wisconsin,* 2003 SD 130, ¶ 5, 671 N.W.2d 622, 624 (internal citations and quotations omitted).

[¶ 7.] **1. WHETHER THERE ARE GENUINE ISSUES OF MATERIAL FACT WHICH PRECLUDE SUMMARY JUDGMENT ON THE NEGLIGENT DESIGN AND FAILURE TO WARN CLAIMS AGAINST BRITTON.**

[¶ 8.] Luther asserts that his complaint alleged two claims of negligence against Britton; negligence in the design of the step and failure to warn. He asserts that, as designed and constructed, the sidewalk was unreasonably dangerous and that both defendants were liable for failure to place appropriate warning signs or markings.[2]

seem to argue these as separate negligence claims. Rather, the argument seems to be that because the step was not painted and there were no handrails, there was insufficient warning of the danger and therefore the sidewalk and step were negligently designed

On Britton's motion for summary judgment, the trial court held:

> In this case, from a review of the record, the court believes that an expert would be required. And there is no evidence present to show what the standard of care would be for the city engineer. And that whether or not that curb, and what all went into that street project, really did require expertise, and requires the plaintiff to come in and show that that work fell below that standard of care.

[¶ 9.] There is no requirement that a party produce expert testimony when the question is within a layperson's knowledge. *Bland v. Davison County,* 1997 SD 92 ¶ 30, 566 N.W.2d 452, 461 (citing *Schaffer v. Edward D. Jones,* 1996 SD 94, ¶ 8, 552 N.W.2d 801, 805). However, expert testimony is required to establish the standard of care for a professional unless the issue is within the common knowledge of the jury. *Mid–Western Elec. Inc., v. DeWild Grant Reckert & Associates Co.,* 500 N.W.2d 250, 255 (S.D. 1993) (citing *Magbuhat v. Kovarik,* 382 N.W.2d 43 (S.D.1986)). To use an analogy favored by the parties, an expert witness may not be required when a plaintiff is alleging that a surgeon cut off the wrong limb; a layperson would know based on their common knowledge whether such a surgery was negligent. On the other hand, if the question was whether the surgeon correctly performed a complicated surgery for which he or she was specially trained, an expert may be required. Luther argues that this case did not require expert testimony because a layperson would know if the design of the sidewalk

was negligent. In the alternative, he argues that he provided evidence of the appropriate standard of care through Britton's deposition testimony.

[¶ 10.] Luther argues that the following evidence was sufficient to overcome the trial court's determination that expert testimony was necessary on the professional standard of care for an engineer:

1) Britton admitted that he consulted, designed, oversaw and worked on the sidewalk in question.

2) Luther testified that the step was "unmarked, hard to see and easy to forget."

3) An affidavit from Luther's doctor stated in part, "at the time that Mr. Luther came to see me, I did comment to him that there had been several other people who had fallen in that same area who had sought medical care for their injuries at my clinic[.]"

4) Luther testified that the manager of Karl's told him that he was aware of another person falling in the area.

5) Britton stated that he had heard a conversation about somebody falling in the area.[3]

[¶ 11.] These assertions were insufficient to overcome summary judgment. "[T]he non-moving party in a summary judgment proceeding 'must set forth specific facts showing that there is a genuine issue for trial.'" *Roden,* 2003 SD 130 at ¶ 31, 671 N.W.2d at 629 (quoting SDCL 15–6–56(e)). The affidavit of Luther's doctor was hearsay and would have been inadmissible. The statement by Luther that the manager at Karl's knew of another

and constructed. In other words, his argument is that by failing to warn of the danger, City and Britton became liable for negligent design and construction.

3. His testimony on this issue is unclear as to when or where he heard this information and is unclear whether the fall referred to was Luther's or a fall that took place before or after Luther's fall.

person who fell was hearsay within hearsay and would have been inadmissible. Luther's argument that Britton was aware that someone had fallen on the step was insufficient to establish negligence as there is no indication in the testimony when Britton received this information. All that remains are Luther's conclusory assertions that the step was negligently designed and constructed *because he fell.* Such conclusory assertions are insufficient to establish a genuine issue of material fact with regard to the design of the sidewalk. *Id.*

■ [¶ 12.] Although it is a close question because a step in a sidewalk is an obvious obstruction, but easy to overlook or forget, Luther's failure to present expert testimony on the professional standard of care for an engineer is fatal to his claim against Britton. While these assertions may create a genuine issue of material fact as to whether the step was properly marked, without expert testimony, there is insufficient evidence to indicate that Britton's design and construction were negligent. Nor is there evidence to support the assertion that Britton, who was not the landowner, retained a duty, two years after construction was completed, to provide warning that there was a step.

■ [¶ 13.] Luther asserts that the following quotes from Britton's deposition amount to evidence of the standard of care applicable to Britton:

Q. [Mr. Johnson]: Now tell me about marking steps, what's your understanding of the ADA requirements for marking steps to alert people of them?

A. [Britton]: If they are—we painted those in—I don't know the exact date in '97—the first time before the project was complete. The project was completed in '97, and we painted all of those steps with yellow. I think we used a two-inch strip on the top, did the complete face of it in yellow street-marking paint.

Q. Why did you do that?

A. The council asked us if we wanted those painted, if we would paint those.

Q. Did you paint them or did the city people do that?

A. I painted part of them—some of them. I think I did the ones in front of Karl's and the one on the north side of Penney's, and the city crew came, they did some follow-up stuff. They had some summer help showed up and did some of that later on.

Q. About when do you think the first painting was done?

A. That had to be before we left the project, that project was completed in the fall of '97, so that would have been the first time it was painted.

\* \* \*

Q. Why did you do that?

A. I volunteered to do it when the city decided they were going to do it. We were at the end of the phase, the construction was winding Down . . . I said, "let me do that[.]"

Q. And was part of that was for safety purposes?

A. Sure.

Q. To paint that and mark that?

A. Just to paint it for visibility.

Luther argues that this testimony prohibits Britton or City from claiming that visibility and safety were not concerns with the design and construction of the sidewalk. He concludes that therefore the jury should be allowed to decide whether the step in front of Karl's was painted or otherwise marked at the time he fell. His

argument appears to be that a finding that it was not painted or otherwise marked would establish negligent design and construction and negligent failure to warn of a dangerous condition.

[¶ 14.] Britton argues that this testimony is insufficient to establish a professional standard of care for an engineer and that the trial court was correct in granting summary judgment. Although it is a close question as indicated, under these circumstances, whether this city sidewalk was negligently designed and constructed was not a question "within a layman's breadth of knowledge."

[¶ 15.] In determining how to design the project, Britton was required to take issues into consideration that are not within the typical lay person's realm of knowledge. For example, he claims he had to create a design which complied with the Americans with Disabilities Act. He also had to take into account the slope of the hill on which Main Street was built to correct drainage problems caused by the fact that one side of the street was two feet higher than the other side. Although Luther argues that the issues of drainage and ADA compliance are "red herrings," the fact remains that the typical lay person would have no idea how to design and construct a sidewalk under the conditions on Winner's Main Street. Furthermore, Britton's testimony that he painted the steps at City's request is insufficient to establish a general standard of care for a professional engineer. The fact that Britton may have painted the step created no duty for him to warn or maintain the step two years after design and construction were completed.[4]

[¶ 16.] The trial court did not err in granting Britton's summary judgment motion on the basis of Luther's failure to present expert testimony on the engineer's professional standard of care.

[¶ 17.] **2. WHETHER THERE ARE GENUINE ISSUES OF MATERIAL FACT WHICH PRECLUDE SUMMARY JUDGMENT ON THE NEGLIGENCE CLAIM AGAINST THE CITY.**

[¶ 18.] The trial court was not specific in its reasoning for granting summary judgment in favor of City. Instead, the court orally held:

> In this case, from a review of the record, the court believes that an expert would be required. And there is no evidence present to show what the standard of care would be for the city engineer. And that whether or not that curb, and what all went into that street project, really did require expertise, and requires the plaintiff to come in and show that that work fell below that standard of care.

To the extent the trial court assumed that the same standard of care applied to City as to the engineer, the holding cannot be sustained. Britton would be held to a professional standard of care and following the reasoning of the trial court, that same standard of care would also apply to the City. This conclusion is legally incorrect as the City would be held to the standard of care for a landowner. For the same reasons we noted under Issue 1, the trial court was correct in granting summary judgment on Luther's claim against City for negligent design and construction. By not providing expert testimony, Luther failed to show that the design and construction fell below professional standards.

---

4. Luther attempts to use the fact that Britton painted the step to establish a standard of care for a professional engineer and then argues that proof of Britton's negligence lies in the fact that the step was *not* painted.

However, Luther's claim against City for negligence in failing to warn should not have been subject to summary judgment.

[¶ 19.] City argues that it is not liable because Luther has failed to show that the structure "presents an unreasonable risk of harm" under Restatement (Second) Torts, §§ 343 and 343A. In the alternative, City argues that the step was a known or obvious danger and City was entitled to assume that Luther would protect himself. The trial court did not reach the question whether the City was entitled to summary judgment on the issue of failure to warn because it chose to dispose of the entire case on the expert testimony issue. We decline to make this determination for the first time on appeal, but note that generally, a possessor of land owes a business visitor or an invitee a duty of ordinary care for the benefit of the invitee's safety. *Mitchell v. Ankney*, 396 N.W.2d 312, 313 (S.D.1986) (additional citations omitted). A breach of that duty renders the possessor liable. *Id.* The duty requires the possessor to keep the property "reasonably safe." *Id.* (citing Restatement (Second) Torts, § 343, comment b (additional citations omitted)). "This general duty includes the duties owed to licensees to *warn* of concealed, dangerous conditions known to the landowner[.]" *Id.* (emphasis in the original). However, there is no duty to warn when the dangerous condition "is so obvious that the invitee should reasonably have been aware of it." *Id.* "It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted." *Id.* (quoting *Norris v. Chicago, M., St. P. & P.R. Co.*, 74 S.D. 271, 272, 51 N.W.2d 792, 793 (additional citations omitted)).

[¶ 20.] The possessor of land is not an insurer of the welfare and safety of an invitee and therefore will not be liable when the invitee knows of the danger or the danger is obvious to the invitee. Restatement (Second) Torts, § 343A(1). We have accepted the rationale of this rule which states in part:

Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or *even warning,* against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them.

*Mitchell,* 396 N.W.2d at 315 (quoting Restatement (Second) Torts, § 343A, comment e) (emphasis in the original). However, comment f of § 343A provides instances in which the possessor should anticipate that a dangerous condition will cause physical harm despite its known or obvious nature. The comment provides that in such cases:

[T]he possessor is not relieved of the duty of reasonable care which he owes the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted so that he will not discover what is obvious or will forget what he has discovered, or fail to protect himself against it.

[¶ 21.] The trial court could not properly dispose of the claim against City for its alleged failure to warn based on the fact that Luther failed to present expert testimony as to Britton's standard of care. City could still be liable for failure to warn about the step. There are genuine issues of material fact, including but not limited to whether 1) the step was an unreason-

ably dangerous condition such that City had a duty to warn; 2) the condition of the sidewalk was so obvious that warning was unnecessary; 3) the step was insufficiently marked at the time Luther fell; and 4) Luther was distracted so that warning was necessary. Summary judgment was inappropriate. The trial court's grant of City's motion for summary judgment is reversed.[5]

**[¶ 22.] 3. WHETHER THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S FIRST MOTION FOR SUMMARY JUDGMENT.**

[¶ 23.] In its first motion for summary judgment, City argued that Luther admitted he was more than slightly contributorily negligent. Britton joined in this motion and joins in the notice of review on appeal.

[¶ 24.] The determination of due care and other questions relating to negligence and contributory negligence are "generally questions of fact for the jury." *Mitchell,* 396 N.W.2d at 313 (citations omitted). "Issues of negligence, contributory negligence, and proximate cause are ordinarily questions of fact and it must be a clear case before a trial judge is justified in taking these issues from the jury." *Id.* The only time these questions become a matter of law is when "reasonable men can draw but one conclusion from facts and inferences[.]" *Id.* Whether Luther was contributorily negligent was a question of fact for the jury and a matter upon which reasonable minds could differ. Furthermore, our holding under Issue 2 disposes of this issue because we have determined that there are genuine issues of material fact such that summary judgment in favor of City on the issue of failure to warn of a dangerous condition was not appropriate.

[¶ 25.] The grant of summary judgment in favor of Britton is affirmed as is the grant of summary judgment on the issue of negligent design against City. The grant of summary judgment in favor of City on the issue of failure to warn is reversed. The denial of the first summary judgment motion is affirmed as to both defendants.

[¶ 26.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and MEIERHENRY, Justices, concur.

---

5.  City cites *Hermandson v. City of Canton,* 60 S.D. 367, 244 N.W. 525, 526–27 (S.D.1932), for the proposition that by not showing that the sidewalk was negligently constructed and designed, Luther failed to show that the structure presented an unreasonable risk of harm and therefore City is not liable as a matter of law. Dicta in *Hermandson* supports the proposition that a city will not be liable for an accident caused solely by its plan of construction unless the plan is so manifestly dangerous that a court can say as a matter of law that the plan was dangerous and unsafe. *Id. Hermandson* does not support City's assertion that a City will never be liable for any unmarked step-down.

In re the COMMITMENT OF
William L. MORFORD.