#25303-rev & rem-SLZ

**2010 SD 23**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

SUSAN and RONALD JOHNSON,                    Plaintiffs and Appellants,

v.

MATTHEW J. BATCHELDER CO., INC.,             Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

HONORABLE MERTON B. TICE, JR.
Judge

* * * *

MICHAEL A. WILSON of
Barker Wilson Law Firm, LLP
Rapid City, South Dakota                     Attorneys for plaintiffs
                                             and appellants.


JOHN K. NOONEY
AARON T. GALLOWAY of
Nooney, Solay & Van Norman, LLP
Rapid City, South Dakota                     Attorneys for defendant
                                             and appellee.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 11, 2010

OPINION FILED **03/03/10**

#25303

ZINTER, Justice

[¶1.] Susan Johnson tripped and fell on a stairway at a store owned by Matthew J. Batchelder Co., Inc. (Batchelder). Johnson and her husband brought this action alleging that Batchelder failed to exercise reasonable care to keep the premises safe and failed to warn of a dangerous condition. Batchelder moved for summary judgment on the grounds that Johnson could not articulate in her deposition what caused her to fall and how Batchelder failed to exercise reasonable care. Johnsons opposed the motion and submitted post-deposition affidavits containing additional facts suggesting that uneven carpet runners on the stairway were the probable cause for the fall. The circuit court granted summary judgment, stating it was satisfied that the evidence did not support a breach of duty. Because this is a jury question, we reverse.

*Facts and Procedural History*

[¶2.] We recite the facts in a light most favorable to Johnsons. Batchelder operates a music store in Rapid City. In addition to selling musical instruments, Batchelder provides music lessons. The retail music store is located on the ground floor, and the music lessons are provided on the second floor. Customers enter the store at the street-level ground floor, and a carpeted stairway provides access to the second floor.

[¶3.] There are plastic runners on the stairs. Each runner is approximately two feet wide and several feet long. The runners are placed side by side and run the length of the stairs from the ground floor to the second floor. There is only one continuous handrail on this stairway, and that handrail is located on the north wall.

-1-

A handrail on the south wall stops about halfway up the stairs. There is no handrail or support in the center of the stairway.

[¶4.] In May 2006, Johnson arrived at Batchelder's store for organ lessons. She walked part of the way up the stairs holding the north handrail with her left hand. She held her music books in her right hand. When she reached the sixth or seventh step, she turned to her right and began to go down the steps to wait for the instructor to arrive. She testified in her deposition that at this point, she pivoted to her right and let go of the handrail with her left hand. As she turned, her foot "caught," she fell and was injured.

[¶5.] Johnson was, however, unable to articulate exactly how her foot "caught." When first asked, "[w]hat facts do you rely upon to support your claim that the Defendants failed to exercise reasonable care in the inspection of the premises," Johnson conceded: "Well, I know that there's runners going down and that they met evenly and was kept from lifting up." On the other hand, she also testified it was "a possibility" that the runners were "out of sorts that day," or that something was stuck in the runners that caused her to trip. Additionally, Johnson testified that after her fall, one of Batchelder's employees, Tabitha Jo Broman, immediately came to her assistance. According to Johnson, Broman recalled "somebody else nearly having a fall on those stairs."[1]

[¶6.] Batchelder subsequently moved for summary judgment, arguing that "Johnson [could] not articulate what, exactly, caused her to fall, or how the

---

1. Broman denied the conversation and testified that she had not seen or heard of anyone falling on the stairs.

Defendant failed to exercise . . . 'reasonable care.'" Johnson and her husband filed post-deposition affidavits opposing the motion. According to Johnson's affidavit, she returned to Batchelder's after her deposition and closely inspected the plastic runners on the stairway. She then noticed that the edges of the plastic runners were not secured to the stairs and could be easily lifted. She also noticed that if a person stepped on one plastic runner at its edge, the adjacent plastic runner would be slightly higher and would pose a trip hazard. Johnson's husband (Ron) also indicated that "[t]he difference in height between the two adjacent runners [was] enough to catch the sole of a shoe[.]" Ron attached photographs of the plastic runners showing edges of the runners that were not securely attached to the steps and how one's shoe could "catch." Finally, Ron's affidavit alleged that Batchelder employee, Curtis Binder, informed Ron that Binder had experienced problems with the plastic runners before Johnson's fall, and that he had stopped wearing certain types of shoes because the runners were "sticky."

[¶7.]     In response to Batchelder's statement of material facts supporting summary judgment, Johnsons reiterated the foregoing, specifically asserting the following facts and allegations:

- Johnson's "foot caught and that is what caused her to [f]all."

- "There is only one handrail that runs the length of these stairs."

- "[T]here was no handrail in the center of the stairway for her to grab onto."

- "Two of Mr. Batchelder's employees had knowledge that others had experienced problems on these stairs before Mrs. Johnson fell."

- Batchelder "knew or should reasonably have known that these stairs, and, in particular, the plastic runners on the stairs, presented a danger to customers."

- "The seams [of the runners] are not stapled down to the stairs. Since these seams are not secured to the stairway, the plastic runner can be easily lifted up more than an inch at the location of the seams near the top of the stairway."

- "When a person steps on the edge of the runner near the top of the stairs, the edge of the adjacent runner is slightly higher than the runner which is being stepped on. This difference in height between the two adjacent edges is enough to catch the sole of a shoe."

- "[T]his difference in height creates a trip hazard[.]"

Notwithstanding these asserted facts and allegations, the circuit court granted summary judgment finding no breach of any duty of reasonable care. The court indicated that "no one" could tell "at this point" what caused the fall, the plaintiff's evidence did not "satisfy [the] court" that Batchelder breached its duty, and "plaintiff[s] . . . failed to meet their burden for summary judgment purposes." The court stated:

> The evidence does not *satisfy this Court* that there was a failure on the part of Batchelder to provide a safe environment. . . . Whether it was the stairs or the nature of the shoes she had or whether it was the awkwardness on her part or inattention to what she was doing, *I don't know and no one does I don't believe, at this point,* and the *Plaintiff still ultimately has the burden* and in considering this in the light most favorable to the Plaintiff, *the Court is satisfied* that the evidence does not support that there was a breach of duty . . ., and therefore it is the opinion of this Court that the *Plaintiff has failed to meet their burden* for summary judgment purposes[.]

(Emphasis added.)

[¶8.]	Our standard of review is well settled. Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on

-4-

file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." SDCL 15-6-56(c). "[T]he moving party has the burden of clearly demonstrating an absence of any genuine issue of material fact and an entitlement to judgment as a matter of law." Luther v. City of Winner, 2004 SD 1, ¶ 6, 674 NW2d 339, 343. "[W]e view all evidence and favorable inferences from that evidence in a light most favorable to the nonmoving party." Stone v. Von Eye Farms, 2007 SD 115, ¶ 6, 741 NW2d 767, 769. "Moreover, this [C]ourt is not bound by the factual findings of the trial court. Instead, we conduct an independent review of the record." Hurney v. Locke, 308 NW2d 764, 767 (SD 1981).

*Decision*

[¶9.] The possessor of land owes an invitee the duty of exercising reasonable care for the benefit of the invitee's safety. Stenholtz v. Modica, 264 NW2d 514, 516 (SD 1978). The duty of reasonable care requires keeping the property reasonably safe for the benefit of the invitee. Mitchell v. Ankney, 396 NW2d 312, 313 (SD 1986). This general duty includes the duty "to warn of concealed, dangerous conditions known to the landowner[.]" *Id*.

[¶10.] In *Mitchell,* the plaintiff fell as she was leaving the defendant's house and claimed that she tripped on a garden hose on the front porch step. Reversing the circuit court's grant of summary judgment, we held that reasonable minds could differ as to whether the presence of the hose rendered the property not "reasonably safe." 396 NW2d at 314. "What constitutes due care and other questions relating to negligence and contributory negligence are generally questions of fact for the jury."

*Id.* at 313 (citations omitted). "It is only when reasonable [people] can draw but one conclusion from facts and inferences that they become a matter of law and this rarely occurs." *Id.* (citations omitted). Thus, generally, once a duty is established, whether a breach of that duty occurred is for the finder of fact, not for the court. Casillas v. Schubauer, 2006 SD 42, ¶ 14, 714 NW2d 84, 88. The circuit court's reasons for granting summary judgment do not follow these principles.

[¶11.] Johnsons point out that, considering their post-deposition affidavits, they identified disputed issues of material fact for a jury on the issue of breach of duty. Batchelder does not take issue with the content of Johnsons' affidavits alleging that uneven runners and a lack of adequate guardrails presented a trip hazard that probably caused Johnson's fall. Rather, Batchelder argues that Johnsons were bound by their deposition testimony, and they cannot, through subsequent affidavits, claim a version of the facts more favorable than they gave in their depositions. *See* Tucek v. Mueller, 511 NW2d 832, 837 (SD 1994) (stating, "one cannot claim a better version of the facts than [one's] own [deposition] testimony"). This rule, although often repeated, is inapplicable in this case.

[¶12.] In *Taggart v. Ford Motor Credit Co.*, 462 NW2d 493, 503 (SD 1990), this Court explained that the rule prohibiting consideration of affidavits contradicting a witness's prior deposition testimony applies only "when there is no explanation for the change in testimony from the deposition to the affidavit." *See also* Carpenter v. City of Belle Fourche, 2000 SD 55, ¶ 26, 609 NW2d 751, 762 (citing *Taggart*). Therefore, it is permissible to submit such affidavits if they

provide an "explanation for [the] change in testimony or a showing that [the] answers were ambiguous and the affidavit clarified them." *Id.*

[¶13.] In this case, Johnson's affidavits included newly discovered information about the probable cause of her fall. Her affidavit also explained why her deposition testimony was different. Johnson's affidavit indicated: "At the time I gave my deposition in this case, I had never closely inspected the stairs or the plastic runners. On the day I fell, I did not get up to go look at the plastic runner because I had broken teeth and two broken wrists." Because Johnson "explained [her] change in testimony" and only "clarified" her answers, Johnson's affidavit could be considered in opposing summary judgment. *Taggart*, 462 NW2d at 503.[2]

[¶14.] Considering Johnson's post-deposition affidavits and the inferences from that evidence in a light most favorable to Johnsons, they identified disputed issues of material fact for a jury to determine whether Batchelder breached any applicable duties of care to keep the property reasonably safe. As the non-moving parties, that was Johnsons' only burden. The circuit court erred in imposing the ultimate burden of establishing a breach of duty on Johnsons at the summary judgment stage. Reversed and remanded for further proceedings.

[¶15.] GILBERTSON, Chief Justice, and KONENKAMP, MEIERHENRY, and SEVERSON, Justices, concur.

---

2.  In *Tucek*, we declined to apply the inconsistent testimony rule because "Tucek, while not accusing these appellees, *never exonerated them.*" 511 NW2d at 837. We considered the relative degree of inconsistency in application of this rule. Like *Tucek,* Johnson's affidavit was not totally inconsistent with her deposition.