2001 SD 41

**John PIERCE, Plaintiff and Appellant,**

v.

**CITY OF BELLE FOURCHE, South Dakota, a Municipal Corporation, Defendant and Appellee.**

No. 21520.

Supreme Court of South Dakota.

Argued Nov. 29, 2000.

Decided March 28, 2001.

Jim D. Seward and Roger A. Tellinghuisen of Fuller, Tellinghuisen, Gordon & Percy, Spearfish, SD, Attorneys for plaintiff and appellant.

Michael W. Day of Quinn, Day & Barker, Belle Fourche, SD, Attorneys for defendant and appellee.

GORS, Circuit Judge

[¶ 1.] John Pierce (Pierce) appeals summary judgment in favor of the City of Belle Fourche (City). We reverse.

### FACTS

[¶ 2.] On March 14, 1999, Pierce landed his airplane at the Belle Fourche Municipal Airport. The airport advertised that it was open 24 hours a day, 7 days a week. The airport was unattended because the airport manager was at a three-day airport conference in Pierre. After fueling, Pierce parked and tied down his airplane. Pierce had fueled and parked his airplane at the Belle Fourche airport numerous times in the past. The airport manager trusted Pierce to do business at the airport when he was absent. Pierce used tie-down ropes supplied by the airport to secure his airplane.

[¶ 3.] The airport manager personally selected and purchased the rope from which he fabricated the tie-downs. The airport manager had no set policy for inspecting or testing the tie-down ropes. He would replace them whenever the thought occurred to him sometimes on an annual basis. The manager customarily checked the weather every morning. When wind warnings existed, the manager would double-tie the airplanes at the airport to prevent wind damage.

[¶ 4.] On March 16, 1999, a windstorm hit the airport. The tie-down ropes securing Pierce's airplane broke, and the airplane flipped over and slid down the parking area, incurring thousands of dollars in damage. No personnel had been on duty at the airport between the time Pierce landed and tied down his airplane and the time of the windstorm.

[¶ 5.] Pierce had the tie-down ropes tested by Dr. M.R. Hansen, a consulting engineer. Dr. Hanson tested the tie-down ropes which failed and tested new ropes of the same type. In Dr. Hanson's opinion, the ropes which failed had an average tensile strength of approximately 10 percent of the new rope.

[¶ 6.] Pierce sued City based on implied contract and negligence. The trial court granted summary judgment on both causes of action and held as a matter of law that the airport owed Pierce no duty. Pierce appeals summary judgment only on the negligence claim, raising the following issues:

Did City owe Pierce a duty of reasonable care?

Was there a genuine issue of material fact?

## STANDARD OF REVIEW

■ [¶ 7.] The standard of review of summary judgment is well settled. "Under our familiar standard for reviewing summary judgments, we decide only whether genuine issues of material fact existed and whether the law was correctly applied." *Kobbeman v. Oleson,* 1998 SD 20, ¶ 4, 574 N.W.2d 633, 635. When making this analysis, we view the evidence in the light most favorable to the nonmoving party and resolve reasonable doubts against the moving party. *Satellite Cable Srvs. v. Northern Electric,* 1998 SD 67, ¶ 5, 581 N.W.2d 478, 480. As we take an independent review of the record, we are not bound by the trial court's factual assessments in granting summary judgment. *Fritzel v. Roy Johnson Const.,* 1999 SD 59, ¶ 7, 594 N.W.2d 336, 338 (citing *Spenner v. City of Sioux Falls,* 1998 SD 56, ¶ 7, 580 N.W.2d 606, 609).

■ [¶ 8.] Summary judgment is proper in negligence cases if no duty exists as a matter of law. *Peterson v. Spink Elec. Co-op., Inc.,* 1998 SD 60, ¶ 1–2, 578 N.W.2d 589, 591. Duty is a question of law subject to *de novo* review. *Fisher Sand & Gravel v. State,* 1997 SD 8, ¶ 12, 558 N.W.2d 864, 867; *Poelstra v. Basin Elec. Power Co-op.,* 1996 SD 36, ¶ 9, 545 N.W.2d 823, 825; *Trammell v. Prairie States Ins. Co.,* 473 N.W.2d 460, 462 (S.D. 1991). "[W]e must determine if a relationship exists between the parties such that the law will impose upon the defendant a legal obligation or reasonable conduct for the benefit of the plaintiff." *Bland v. Davison County,* 507 N.W.2d 80, 81 (S.D. 1993).

## DECISION

### ISSUE ONE

[¶ 9.] **City owes Pierce a duty of reasonable care.**

Pierce is a business invitee.

[¶ 10.] The airport manager testified that City wanted people to land at its airport and to do business at both the airport and in Belle Fourche. The airport parking area and tie-down ropes were offered as a convenience for the patrons. After landing, Pierce filled his airplane with gasoline, tied it down, and went to Belle Fourche. The trial court recognized that Pierce was a business invitee which is not at issue.

City owes a duty of reasonable care to business invitees and their property.

■ [¶ 11.] Under § 343 of the Restatement (Second) of Torts a possessor of land owes a business invitee a duty of reasonable care. *Ballard v. Happy Jack's Supper Club,* 425 N.W.2d 385, 388 (S.D. 1988); *Mitchell v. Ankney,* 396 N.W.2d 312, 313–14 (S.D.1986); *Stenholtz v. Modica,* 264 N.W.2d 514, 516 (S.D.1978). The duty includes the use of ordinary care in active operations on the property. *Mitchell,* 396 N.W.2d at 313–14; Restatement (Second) Torts § 343, comments b and d (1965). The duty extends to fixtures, attachments and appliances used on land. Restatement (Second) Torts § 343 comment f (1965). Tie-down ropes are appliances. The trial court held that if there is a duty of reasonable care, the duty extends not only to the business invitee's person but also to the business invitee's personal property. City did not appeal this ruling.

The injury is foreseeable

■ [¶ 12.] Common law duty depends on foreseeability of the injury. The risk defines the duty to be obeyed. A person is not required to take measures against a risk which would not be anticipated by a reasonable person. *Peterson,* 1998 SD 60 at ¶ 14, 578 N.W.2d at 592.

■ [¶ 13.] Examining the facts of this case, it is foreseeable that airplanes will

land at the airport. After all, that is the purpose of an airport. City encourages people to use its airport. It is also foreseeable that people will park their airplanes at the airport and City provides parking spaces for airplanes.

[¶ 14.] It is foreseeable that the wind will blow in South Dakota and that when the wind blows, unsecured airplanes will be damaged. City provided tie-down rings and tie-down ropes for its patrons to secure their airplanes from wind damage. When wind warnings were in effect, the airport manager would double-tie parked airplanes. If City did not foresee wind damage, tie-downs and double-tying would not be necessary.

[¶ 15.] It is also foreseeable that the tie-down ropes could break. The airport manager selected and fabricated the tie-down ropes to secure parked airplanes. If City did not foresee rope breakage, care in selection of the rope and fabrication of the tie-downs would not be necessary to prevent damage. Any old rope would do. In addition, when wind warnings were in effect, the airport manager would double-tie parked airplanes. If City did not foresee rope breakage, double-tying would not be necessary.

[¶ 16.] It is also foreseeable that the ropes would wear out from use and exposure to the elements. The airport manager claimed he replaced the ropes whenever the thought occurred to him, sometimes annually. If City did not foresee that the ropes would wear out, replacement would not be necessary.

[¶ 17.] Therefore, it was foreseeable that the ropes would wear and that worn ropes would break and an airplane could blow away. Consequently, City had a duty to use reasonable care in selecting the ropes, fabricating the tie-downs and detecting and replacing worn tie-downs.

*A duty of reasonable care does not make City an insurer of the safety of Pierce's airplane*

[¶ 18.] A possessor of land is not an insurer of the safety and welfare of an invitee and is not liable for injuries where the danger was known or obvious to the invitee. *Mitchell*, 396 N.W.2d at 314. City also points out that the danger should have been just as obvious to Pierce as it was to City. However, City admits or concedes that there was no obvious or apparent defect in the tie-down ropes. Only City knew how long the tie-downs had been in service and how long the tie-downs had been exposed to the sun and rain and other destructive elements. Imposing a duty of reasonable care on City does not impose strict liability.

[¶ 19.] City also objects that it is impossible to tell when a rope is worn out because the ropes in question did not appear to be defective and there is no way to tell if a rope is weakened other than to break it to see if it is weak. A duty is no less a duty because it is difficult. City could have established a regular schedule of testing or developed a regular schedule of replacement. Perhaps replacement whenever the thought occurred to the airport manager or sometimes annually is reasonable and perhaps it is not. That question is for a properly instructed jury to decide based on the facts in this case.

*City owes a duty to use reasonable care in selecting, fabricating and maintaining tie-down ropes*

[¶ 20.] City had a duty to possess and exercise a knowledge of the qualities of the tie-down ropes and to use reasonable care in their selection, fabrication and maintenance. The trial court erred as a matter of law in determining that City did not owe Pierce a duty of reasonable care.

### ISSUE TWO

[¶ 21.] **There is a genuine issue of material fact for trial by a jury.**

[¶ 22.] "Negligence is the breach of a duty owed to another, the proximate cause of which results in an injury." *Peterson*, 1998 SD 60, ¶ 12, 578 N.W.2d at 591. This Court has repeatedly

stated that "[q]uestions of negligence, contributory negligence and assumption of the risk are for the jury in all but the rarest of cases so long as there is evidence to support the issues." *Peterson,* 1998 SD 60, ¶ 11, 578 N.W.2d at 591. "It is only when reasonable men can draw but one conclusion from facts and inferences that they become a matter of law and this rarely occurs." *Mitchell,* 396 N.W.2d at 313, (quoting *Wilson v. Great Northern Railroad Company,* 83 S.D. 207, 157 N.W.2d 19, 22 (S.D.1968)). In this case, genuine issues of material fact exist.

[¶ 23.] City provided tie-down ropes to people who used the airport. City knew that pilots used the tie-down ropes to secure their airplanes. In addition, City selected the rope and designed and fabricated the tie-downs. Pierce used the tie-downs for their intended purpose. Having made the decision to supply tie-down ropes, City had a duty to provide and maintain adequate tie-down ropes.

[¶ 24.] There is evidence that the tie-down ropes were only ten percent as strong as new ropes of the same type. City was the only party in a position to have knowledge of how long the tie-down ropes were exposed to the elements and what the wind and weather were like. City made no attempt to inspect or test the tie-down ropes in question and replacement was irregular.

[¶ 25.] Viewing the facts in a light most favorable to the non-moving party, and resolving doubts against the moving party, genuine issues of material fact exist. *See Satellite Cable Srvs.,* 1998 SD 67, ¶ 5, 581 N.W.2d at 480. This is not a case where a reasonable person can draw only one conclusion from the facts or a case where no evidence exists to support the issue.

[¶ 26.] City points out that the ropes might not have held up to this particular windstorm if they were new. This is a question of proof for the parties and a question of fact for the jury. We are not trying the case. We are only deciding whether there is a duty as a matter of law and a genuine issue of material fact.

[¶ 27.] The trial court relied on *Peterson,* 1998 SD 60, 578 N.W.2d 589. *Peterson* is different. In *Peterson,* the plaintiff owned the appliance, which was an extension cord, which failed on his own property, which was his farm. Here, Pierce owned neither the property, which was the airport, nor the appliance, which was the tie-down ropes; City owned both the property and the appliance. Therefore, the trial court's reliance on *Peterson* is misplaced.

[¶ 28.] The question of whether City met its duty to use reasonable care in this case is a question of fact for a properly instructed jury not a question of law for summary judgment. We reverse and remand for a trial on the merits

[¶ 29.] MILLER, C.J., and SABERS, KONENKAMP and GILBERTSON, JJ., concur.

[¶ 30.] GORS, Circuit Judge, for AMUNDSON, J., disqualified.