2002 SD 115

**Jennifer Lee HARRIS, Plaintiff and Appellant,**

v.

**BEST BUSINESS PRODUCTS, INC., a South Dakota Corporation, Defendant and Appellee.**

**No. 22065.**

Supreme Court of South Dakota.

Argued March 28, 2002.

Decided Sept. 11, 2002.

David A. Bradsky of Bradsky and Bradsky, Rapid City, South Dakota, Attorneys for plaintiff and appellant.

Eric C. Schulte, Thomas M. Frankman of Davenport, Evans, Hurwitz and Smith, Sioux Falls, South Dakota, Attorneys for defendant and appellee.

GORS, Acting Justice.

[¶ 1.] Jennifer Harris (Jennifer) sued Best Business Products, Inc. (Best) for negligence arising out of an automobile accident. Best owned the van Jennifer was driving at the time of the accident. Jennifer alleged Best was liable for personal injuries she incurred when the right

rear tire blew out and the van rolled. Best brought a motion for summary judgment claiming that Jennifer was a trespasser, and therefore it owed no duty to Jennifer, or alternatively, only the limited duty of not inflicting willful and wanton injury. The trial court granted Best summary judgement. We reverse.

## FACTS AND PROCEDURE

[¶ 2.] Best is a corporation engaged in the business of selling office machines, including copiers, printers and computers. Jennifer is the daughter of Marvin (Marvin) and Karla Harris. Marvin was employed with Best as a color copier salesman. As part of his employment, Marvin was required to personally deliver items he sold. On July 18, 1997, Marvin was scheduled to drive a van owned by Best from Sioux Falls to Rapid City in order to deliver three color copiers. A couple of days before the trip, Marvin asked Jennifer if she would like to ride along. Jennifer, who was sixteen at the time, accepted.

[¶ 3.] On the morning of July 18, 1997, Marvin and Jennifer arrived at Best to pick up the van, a 1991 Ford three-quarter-ton van. By the time Marvin and Jennifer arrived, warehouse employees had already loaded the van with the three copiers, whose weight totaled 1,117 pounds. Marvin and Jennifer left for Rapid City shortly before 9:00 a.m. Approximately an hour and one half to two hours after their departure, Marvin became tired and asked Jennifer to drive. They stopped at a rest area, and Jennifer took over driving the van. Jennifer had driven approximately 70 to 80 miles when the van's right rear

tire blew out, and Jennifer lost control of the van. The van rolled several times and ended up on the median of the interstate. Jennifer sustained substantial personal injuries and Marvin died as a result of his injuries.

[¶ 4.] Jennifer brought suit against Best for negligence, alleging that Best was negligent in failing to properly maintain the van. Examination of the right rear tire revealed that it was severely worn before the blowout. Two sets of tread depth measurements taken on the tire showed that there were areas where all of the tread had worn smooth and no areas where the depth was greater that $\frac{2}{32}$ of an inch. The tire blew out from the inside due to internal weakness in the tire and separation of its tread.

[¶ 5.] Jennifer's two experts, Fernand Marquis, Ph.D. (Marquis) and Thomas Alcorn, P.E. (Alcorn), agreed that the tire was unsafe for highway driving, and that the blowout would not have given Jennifer adequate time to react to bring the van under control. Marquis concluded that "[t]he cause of the tire blowout was the extensive, gradual, and long-term cumulative damage caused to the tire prior to the accident." At his deposition Alcorn was asked, "[a]re you saying that it is your testimony here that the van—the tire blowing caused the loss of control in and of itself without the driver being able to do anything to avoid it?" Alcorn responded, "[y]es." Both experts also agreed that neither speed nor driver inexperience[1] was a factor in the accident because the

---

1. At the time of the accident, Jennifer only possessed a learner's permit and had never taken a driver's education course. However, Marquis testified, "If you [had] placed a professional driver driving this vehicle and you had the combination of tread separation and tread blowout, there was no way the driver

... could have controlled this vehicle." Similarly, at Alcorn's deposition he was asked, "And because of going 80 miles per hour, you don't have enough time to react before the van goes over the shoulder?" Alcorn responded, "It wouldn't matter; 80, 70, 60 or 50, she still wouldn't have time to react."

sudden failure of the tire would not have allowed sufficient time to react.

[¶ 6.] Best moved for summary judgment, claiming that Jennifer was a trespasser at the time of the accident, and thus Best cannot be held liable to Jennifer as a matter of law. Best also claimed that Marvin had no authority to invite Jennifer along on the business trip. The trial court granted Best's motion for summary judgment. Jennifer appeals.

## STANDARD OF REVIEW

[¶ 7.] This Court has set forth the following standard of review for appeals from summary judgment:

"Under our familiar standard for reviewing summary judgments, we decide only whether genuine issues of material fact existed and whether the law was correctly applied." When making this analysis, we view the evidence in the light most favorable to the nonmoving party and resolve reasonable doubts against the moving party. As we take an independent review of the record, we are not bound by the trial court's factual assessments in granting summary judgment.

*Pierce v. City of Belle Fourche*, 2001 SD 41, ¶ 7, 624 N.W.2d 353, 355 (internal citations omitted).

[¶ 8.] In negligence cases, summary judgment is proper "if no duty exists as a matter of law." *Id.* at ¶ 8, 624 N.W.2d at 355 (citing *Peterson v. Spink Elec. Co-op., Inc.*, 1998 SD 60, ¶¶ 1–2, 578 N.W.2d 589, 591). "Although foreseeability is a question of fact in some contexts, foreseeability in defining the boundaries of a duty is always a question of law." *Smith v. Lagow Constr. & Developing Co.*, 2002 SD 37, ¶ 18, 642 N.W.2d 187, 192. *See, Poelstra v. Basin Elec. Power Coop.*, 1996 SD 36, ¶ 9, 545 N.W.2d 823, 826.

## ANALYSIS

### [¶ 9.] The Duty

[¶ 10.] An owner or driver of a motor vehicle has a duty to everyone on the highway to have safe equipment. This duty includes safe tires. The standard of care for tread depth is set forth in SDCL 32–19–13, which provides:

No person may operate on the public highways of this state a licensed motor vehicle which has a mounted tire ... having a minimum tread depth less than two thirty-seconds of an inch on any two adjacent tread grooves.

The tread depth standard applies not only to drivers but also to the owners of the motor vehicles they drive. Therefore, Best had a duty to equip its vehicles with safe tires.

### [¶ 11.] The Defense

[¶ 12.] Best concedes that it owes a duty to equip its vehicles with safe tires to everyone on the highway, including other drivers, passengers and pedestrians. However, Best claims Jennifer is an exception to this duty. Best contends that it had a company policy that provided only employees could ride in company vehicles. Therefore, Best argues Jennifer was a trespasser at the time of the accident, and therefore it owed no duty to Jennifer. The trial court agreed and granted summary judgment. Jennifer appeals, claiming there is a genuine issue of material fact as to whether she is a trespasser.

[¶ 13.] There is no dispute that Marvin was entitled to drive the van, and there is no dispute that Marvin gave Jennifer permission to drive the van. Best claims, however, that it had an unwritten policy forbidding employees to bring passengers along on business trips, and therefore Marvin had no authority to invite Jennifer along.

[¶ 14.] Marvin's supervisor testified that neither he nor anyone else at Best ever talked to Marvin about the policy. Even the president of the company, Betty Best (Betty), testified that Marvin might not have been informed about the policy. Karla Harris, Marvin's widow, testified that after the accident Betty told her that the company had no policies about allowing passengers in its vehicles and did not intend to implement any in the future. At her deposition, when asked if she told Karla Harris there was no policy on passengers, Betty responded, "No I don't remember telling her that, *but I may have.*" Betty also was asked, "when Marvin was hired was it even ever discussed whether or not you could take somebody with you?" She responded, "I doubt it."

[¶ 15.] Finally, we note that whether Marvin had authority to invite Jennifer on the trip is generally a question of fact for the jury. *Krause v. Reyelts,* 2002 SD 64, ¶ 28, 646 N.W.2d 732.

[¶ 16.] **The Decision**

[¶ 17.] The issue of whether or not Jennifer is a trespasser does not, however, determine whether Best owed Jennifer a duty to equip safe tires on the van. SDCL 20–9–1 provides that "[e]*very person* is responsible for injury to the person, property, or rights of another caused by his willful acts *or caused by his want of ordinary care or skill,* subject in the latter cases to the defense of contribu-

tory negligence." (emphasis added). There is no reason why Best should owe a duty of reasonable care to its *own employee* in its van, but not to a person riding with the employee's permission. The duty to exercise reasonable care is as appropriate in one situation as it is in the other.

[¶ 18.] Best relies on the holding of *Antonen v. Swanson,* 74 S.D. 1, 12, 48 N.W.2d 161, 167 (1951), a *respondeat superior* case, where this Court stated:

> An employee has no implied authority to invite or permit a third person to ride in a motor vehicle in his charge.... The burden was on the plaintiff to prove that [the employee] had authority to invite or permit him to ride.... There ... is no implication that [the employee] has authority to invite or permit others to ride with him.... Plaintiff was in no sense an invitee of the owner of the truck and no liability against him could be founded on ordinary negligence.

(internal citations omitted).[2] *Antonen's* rationale does not apply in this case. In *Antonen,* it was the *employee's* negligence that caused the injury. Here, it is the *employer's* negligence that caused the injury. A Comment to the Restatement (Second) of Agency § 242 (1957) points out that if a

> person entering the master's ... vehicle does so at the invitation of or with the permission of a servant who has no authority or apparent authority to give such invitation or permission, and the one entering has otherwise no privilege

---

**2.** Other jurisdictions have held the same. *See Metropolitan Life Ins. Co. v. Gosney,* 101 F.2d 167, 171 (8thCir.1939) (stating, "an employee using an automobile in his employer's business has no implied or apparent authority to invite others to ride with him, and that, if a passenger who accepts the unauthorized invitation of the employee is injured, the employer is not liable, for the reason that the passenger is not a guest of his but merely a guest of his employee."); *Shannon v. Pacific Rail Ser-*

*vices,* 70 F.Supp.2d 1243, 1247 (D.Kan.1999) (stating, "one who accepts a ride with a servant who has no express or implied authority to invite passengers ... is as to the master a trespasser to whom no duty is owed except not to willfully injure him."); *Morris v. Dame's Executor,* 161 Va. 545, 171 S.E. 662, 672 (1933) (recognizing that a passenger riding in an employer's vehicle at the invitation of the servant "stands as to the master in the shoes of a trespasser.").

to enter, the master is not subject to liability to such person because of the conduct of the inviting servant. *The master is, however, subject to liability to the intruder for his own harmful conduct . . . as he would be had no invitation been extended.*

(emphasis added).

[¶ 19.] In *Lagow Const.* this Court recently stated, "[a] duty of protection occurs when a person's affirmative act or omission exposes another to greater harm." 2002 SD 37 at ¶ 16, 642 N.W.2d at 191. "Foreseeability of high risk of harm is the basis for delineating the boundaries for a duty of protection." *Id.* at ¶ 17. In this case it is foreseeable that if Best did not equip its vehicles with safe tires, the tires could create harm to pedestrians, other vehicles and their occupants, and anyone else in a company vehicle. Since Best had a duty to all persons on the highway, it is not a defense that Jennifer may have been a trespasser in the vehicle.

## CONCLUSION

[¶ 20.] Because we conclude that Best owed Jennifer a duty to equip its vehicles with safe tires, this case must now go to a jury. The remaining questions—whether Best breached the duty to Jennifer, and if so, whether that breach proximately caused Jennifer's injuries—are best resolved by a jury. We accordingly remand Jennifer's action against Best for further proceedings consistent with this opinion.

[¶ 21.] GILBERTSON, Chief Justice, and SABERS and AMUNDSON, Justices, concur.

[¶ 22.] KONENKAMP, Justice, disqualified, did not participate.

[¶ 23.] ZINTER, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.