2003 SD 20

**Ronald ROWLAND, Plaintiff and Appellant,**

v.

**LOG CABIN, INC., Defendant and Appellee,**

**Dennis T. Howard, Victoria L. Howard and Dennis Howard, Jr., Defendants.**

**No. 22257.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 8, 2002.

Decided Feb. 19, 2003.

Grant G. Alvine of Alvine Law Office, Sioux Falls, South Dakota, attorneys for plaintiff and appellant.

Gary P. Thimsen and Jennifer L. Wollman of Woods, Fuller, Shultz & Smith, Sioux Falls, South Dakota, attorneys for defendant and appellee.

WILBUR, Circuit Judge.

[¶1.] Ronald Rowland (Rowland) appeals the trial court's grant of summary judgment in favor of Log Cabin, Inc. (Log Cabin). We reverse and remand.

## FACTS

[¶2.] On January 7, 2001, Rowland was at the Log Cabin bar in Sioux Falls. Rowland had been drinking throughout the evening and was under the influence of

alcohol. The same evening, Dennis Howard, Sr., (Howard) was also at the Log Cabin bar. Howard had been drinking that evening, and by all accounts, he was also intoxicated.

[¶ 3.] Howard allowed his dog Tyson to enter the Log Cabin. Tyson is an Akita and stands three feet high to the top of its back. Scott Jansen (Jansen), the bartender, asked Howard several times to remove the dog from the bar, but ultimately Jansen allowed the dog to stay. At some point after Tyson was allowed into the bar, Tyson bit Rowland's face.

[¶ 4.] In explanation of the event, Log Cabin offered the eyewitness testimony of Jansen. Jansen testified that Rowland sat down and was looking at the dog and petting it and that the dog's head was probably face high with Rowland. At that time, Rowland stuck his thumb in the dog's mouth and the dog lunged forward and bit him. Jansen further testified that Rowland had pulled upward on the dog, checking the dog's teeth or the inside of his mouth, stuck his thumb inside of the dog's mouth and that it was at that point the dog lunged forward.

[¶ 5.] Rowland asserted, however, that before petting or making physical contact with Tyson, he asked Howard if Tyson bit and Howard assured him that Tyson would not bite. Rowland then began petting Tyson and, without provocation or warning, Tyson viciously attacked him, biting him in the face.

[¶ 6.] The parties dispute the level and intensity of the interaction between Rowland and Tyson.

## STANDARD OF REVIEW

When reviewing a trial court's decision to grant summary judgment, we will affirm only if all legal questions have been decided correctly and there are no genuine issues of material fact. The nonmoving party will receive the benefit of all reasonable inferences that can be drawn from the facts. It is the responsibility of the moving party to demonstrate the absence of genuine issues of material fact. Only if that burden is met will the moving party be entitled to judgment as a matter of law.

*Gehrts v. Batteen*, 2001 SD 10, ¶ 4, 620 N.W.2d 775, 777 (internal citations omitted).

## ISSUE ONE

[¶ 7.] **Whether the trial court erred in finding that Log Cabin did not breach a duty of care to Rowland as a matter of law.**

[¶ 8.] In *Gehrts*, this Court held that even when an owner does not know of an animal's dangerous propensities the ordinary negligence standard of foreseeability will still be applied. Thus, in such a case against a dog owner, the plaintiff must establish that as an ordinary, prudent person, the owner should have foreseen the event that caused the injury and taken steps to prevent the injury. "Such liability may arise 'depending upon the kind and character of the particular animal concerned, the circumstances in which it is placed, and the purposes for which it is employed or kept.'" *Gehrts*, 2001 SD 10 at ¶ 9, 620 N.W.2d at 778 (citing 4 AmJur2d, *Animals* § 102 (1995)). In rejecting strict adherence to the "prior similar acts" rule, this Court determined that this test to determine foreseeability is unduly restrictive, that it places too great a burden on a plaintiff and that " '[t]he duty to foresee a risk of harm is dependent upon all the surrounding facts and circumstances and may require further investigation or inquiry before action is taken.'" *Small v. McKennan Hosp.*, 403 N.W.2d 410, 413 (S.D.1987) (quoting *Ward v. Lacreek Elec-*

*tric Association*, 83 S.D. 584, 588, 163 N.W.2d 344, 346 (1968)).

[¶ 9.] In contrast, if a plaintiff proves that the dog owner knew or had reason to know of the dog's dangerous propensity the plaintiff will be deemed to have established the foreseeability element of negligence. *Gehrts*, 2001 SD 10 at ¶ 8, 620 N.W.2d at 778. Hence, to establish foreseeability, a plaintiff in a dog bite case may either argue to the jury that the owner knew or should have known of the dog's dangerous propensities or that, under the totality of the circumstances, injury to the plaintiff was reasonably foreseeable.

[¶ 10.] In this case, it is not the dog owner's negligence that is in question[1]. The question in this case is: Did Log Cabin breach a duty that it owed to Rowland? Rowland, under the law, is considered to be a "business invitee." A business invitee is defined as a business visitor " 'who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of land.' " *See Small v. McKennan Hosp.*, 437 N.W.2d 194, 199 (S.D.1989)(quoting Restatement (Second) of Torts, § 332 (1965)). As a general rule, "the possessor of land owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for the breach of such duty." *Norris v. Chicago, M., St. P. & P.R. Co.*, 74 S.D. 271, 273, 51 N.W.2d 792, 793 (1952); Restatement (Second) of Torts, § 343 (1965).

[¶ 11.] Although the duty owed by a business owner to a business invitee and the duty owed by a dog owner to individuals in society have different origins, the reasonable person standard applies to both. Therefore, the question to be asked is whether, as an ordinary, prudent person, Log Cabin should have foreseen the event that caused the injury and taken steps to prevent the injury.

[¶ 12.] The circuit court, which limited the test of foreseeability to "prior similar acts," held in part:

Rowland was a business invitee of the Log Cabin and as such was owed a duty of reasonable or ordinary care for his safety. The Log Cabin will be liable to Rowland if it knew or should have known the animal was dangerous, that Rowland would fail to appreciate the danger and if Log Cabin failed to protect Rowland against the danger. The issue is the foreseeability of the dog biting Rowland. *The test of foreseeability depends on whether there were prior incidents that should have alerted the Log Cabin to the necessity of protecting Rowland from the dog . . . .* Rowland will still be allowed to proceed if he can show that Log Cabin failed to use reasonable care in the circumstances in that Log Cabin and its employees should have foreseen the danger . . . . However, there is no evidence in the record that the Log Cabin owners or its employees were aware of the dog's previous behavior or how it was bred or raised. There is no evidence that Log Cabin knew, or should have known, that this dog would attack Rowland. (emphasis supplied).

[¶ 13.] In this case, the trial court limited the test of foreseeability to "whether there were prior incidents that should have alerted the Log Cabin to the necessity of protecting Rowland from the dog." However, whether Log Cabin knew of any dangerous propensities the dog had is not the *sole* factor to be considered when determining the foreseeability question. All the surrounding facts and circumstances

---

1. Howard was dismissed as a defendant pursuant to Rowland's motion to dismiss.

should have been examined to determine the foreseeability question.

■ [¶ 14.] As the nonmoving party, Rowland had "the obligation to 'set forth specific facts showing that there is a genuine issue for trial.' " *Gehrts,* 2001 SD 10 at ¶ 12, 620 N.W.2d at 779 (quoting SDCL 15–6–56(e)). Such evidence exists: One of the customers at the Log Cabin brought his dog, Tyson, into the bar; Tyson is an Akita and stands about three feet tall; Jansen, the bartender, requested that Howard remove the dog from the premises several times; Jansen allowed the dog to stay; Jansen testified that he had never seen Tyson in the bar before and was not familiar with the dog's temperament or disposition.[2] Whether a reasonable person would have realized that a large, unknown dog roaming free in a small bar with drunken patrons involved an unreasonable risk of harm is a question for a jury.

> This Court has repeatedly stated that "[q]uestions of negligence, contributory negligence and assumption of the risk are for the jury in all but the rarest of cases so long as there is evidence to support the issues." "It is only when reasonable men can draw but one conclusion from facts and inferences that they become a matter of law and this rarely occurs."

*Pettry v. Rapid City Area School Dist.,* 2001 SD 88, ¶ 7, 630 N.W.2d 705, 708 (quoting *Pierce v. City of Belle Fourche,* 2001 SD 41, ¶ 22, 624 N.W.2d 353, 356–57) (citations omitted). Therefore, summary judgment was not proper and this case must be remanded for trial.

[¶ 15.] We find Rowland's other arguments without merit.

[¶ 16.] We reverse the trial court's grant of summary judgment and remand for a jury to determine whether Log Cabin breached a duty owed to Rowland.

[¶ 17.] GILBERTSON, Chief Justice, and KONENKAMP and ZINTER, Justices, and AMUNDSON, Retired Justice, concur.

[¶ 18.] WILBUR, Circuit Judge, for SABERS, Justice, disqualified.

[¶ 19.] MEIERHENRY, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.

---

2. Tyson is an Akita and Rowland suggests that Akitas were initially bred as Japanese guard dogs. Tyson stands three feet high to the top of his back. Furthermore, Rowland asserts the dog has lived its entire life at the end of an eight-foot chain. Whether Log Cabin disputes these facts or not, the facts must be taken in the light most favorable to Rowland and they suggest that Tyson was a foreseeable danger to bar patrons.