SEVERSON, Justice.
[¶ 1.] Francis Janis (Janis) sued Nash Finch Company (Prairie Market) for its alleged negligent failure to exercise reasonable or ordinary care to make its premises safe for him. The trial court granted Prairie Market’s motion for summary judgment on the basis that Prairie Market did not owe a duty of reasonable or ordinary care to Janis. Janis appeals. We reverse and remand.
BACKGROUND
[¶ 2.] Prairie Market is a supermarket in Rapid City, South Dakota, owned and operated by Nash Finch Company. The morning of January 28, 2004, was very cold, and a northeast wind was blowing. At approximately 7:30 a.m., Janis, a janitor for Youth and Family Services in Rapid City, came to Prairie Market to purchase food for breakfast. He was wearing rubber-soled work boots. The sidewalk leading to Prairie Market was clear of ice and packed snow. Janis walked through the open sliding glass door on the west end of the Prairie Market entryway and stepped onto a commercial rug on the tile floor immediately inside the door. Upon Janis’s second step onto the rug, it slid from under his feet, and he began to fall. Janis reached for a stack of shopping baskets in an attempt to break his fall, but they gave way. He fell awkwardly, twisting his knee and landing on his back. When Janis attempted to get up, he fell a second time. Janis put his hand under him as he fell this second time and felt a patch of ice on the floor. This patch of ice had been hidden under the rug.
[¶ 3.] Beverly Nagel, Prairie Market’s head cashier, witnessed Janis’s fall. When Janis got up, he approached Nagel to speak to her. He showed her his bruised knuckles and told her that his wrist was injured. Nagel walked to the entryway to look at the area where Janis had fallen. She saw that the rug inside the door on the west end of the Prairie Market entryway was out of position as it slid forward during Janis’s fall. She also saw a patch of ice two feet by one foot on the floor where the rug had been. Nagel wrote a narrative report of Janis’s fall and notified management of the incident. Janis went to the hospital for treatment of his injuries, but returned to Prairie Market to speak with Prairie Market management later in the day. When Janis returned to Prairie Market, “wet floor” warning signs and ice melt had been placed near the door on the west end of the entryway.
[¶ 4.] It is not clear how the patch of ice formed under the rug. At the time of Janis’s fall, Prairie Market contracted with a floor maintenance company for overnight *500 cleaning of the tile floors in the store, including the entryway. The floor maintenance company swept and scrubbed the floors each night. It has been suggested that floor maintenance company employees placed the rug on the wet tile floor and that water under the rug froze as a result of the cold temperature, wind, and frequent opening of the sliding doors on the morning of Janis’s fall. It has also been suggested that moisture tracked into the store by customers and employees accumulated under the rug and froze. There was no evidence that anyone other than Janis had ever fallen on a patch of ice inside the Prairie Market entryway.
[¶ 5.] Janis initiated this lawsuit against Prairie Market in January 2007. He alleged that he entered Prairie Market as a business invitee and that Prairie Market failed to exercise reasonable or ordinary care to make its premises safe for him. After significant discovery, Prairie Market moved for summary judgment. The trial court concluded that the risk of harm was not foreseeable because no prior similar incidents had occurred on the premises. The trial court granted Prairie Market’s motion for summary judgment on that basis that Prairie Market did not owe a duty of reasonable or ordinary care to Janis. Janis appeals.
STANDARD OF REVIEW
[¶ 6.] This Court’s standard of review of a grant or denial of a motion for summary judgment is well settled. “In reviewing a grant or a denial of summary judgment under SDCL 15 — 6—56(c), we determine whether the moving party has demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law.” Dykstra v. Page Holding Co., 2009 SD 38, ¶ 23, 766 N.W.2d 491, 496 (citations omitted). “The evidence must be viewed most favorably to the nonmov-ing party and reasonable doubts should be resolved against the moving party.” Id. “The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists.” Id.
[¶ 7.] “Summary judgment is proper in negligence cases if no duty exists as a matter of law.” Pierce v. City of Belle Fourche, 2001 SD 41, ¶ 8, 624 N.W.2d 353, 355 (citing Peterson v. Spink Elec. Coop., Inc., 1998 SD 60, ¶¶ 1-2, 578 N.W.2d 589, 591). “[Questions of negligence, contributory negligence, and assumption of the risk are for the jury in all but the rarest of cases so long as there is evidence to support the issues.” Rowland v. Log Cabin, Inc., 2003 SD 20, ¶ 14, 658 N.W.2d 76, 80 (quoting Pettry v. Rapid City Area Sch. Dist., 2001 SD 88, ¶ 7, 630 N.W.2d 705, 708 (quoting Pierce, 2001 SD 41, ¶ 22, 624 N.W.2d at 356-57)). “It is only when reasonable men can draw but one conclusion from facts and inferences that they become a matter of law[.]” Id.
ANALYSIS AND DECISION
[¶ 8.] “Negligence is the breach of a duty owed to another, the proximate cause of which results in an injury.” Stone v. Von Eye Farms, 2007 SD 115, ¶ 6, 741 N.W.2d 767, 770 (quoting Pierce, 2001 SD 41, ¶ 22, 624 N.W.2d at 356-57). “The existence of a duty owed by the defendant to the plaintiff, which requires the defendant to conform to a certain standard of conduct in order to protect the plaintiff against unreasonable risks, is elemental to a negligence action.” Poelstra v. Basin Elec. Power Coop., 1996 SD 36, ¶ 7, 545 N.W.2d 823, 825 (quoting Erickson v. Lavielle, 368 N.W.2d 624, 626 (S.D.1985)). While a jury generally determines whether a duty has been breached, “the existence of a duty is a question of law to be determined by the court.” Small v. McKennan *501 Hosp. (hereinafter Small I), 403 N.W.2d 410, 413 (S.D.1987) (quoting Barger for Wares v. Cox, 372 N.W.2d 161, 167 (S.D. 1985)).
[¶ 9.] This Court has retained the common-law classifications of trespasser, licensee, and invitee in determining the duty a landowner owes the entrants on his land. Andrushchenko v. Silchuk, 2008 SD 8, ¶ 22, 744 N.W.2d 850, 857-58 (citing Musch v. H-D Elec. Coop., Inc., 460 N.W.2d 149, 150 (S.D.1990)). A business invitee is “a business visitor ‘who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of land.’ ” Rowland, 2003 SD 20, ¶ 10, 658 N.W.2d at 79 (quoting Small v. McKennan Hosp. (hereinafter Small II), 437 N.W.2d 194, 199 (S.D.1989) (quoting Restatement (Second) of Torts, § 332 (1965))). In this case, Janis entered Prairie Market to conduct business on the premises and was therefore a business invitee.
[¶ 10.] “As a general rule, the possessor of land owes an invitee or business visitor the duty of exercising reasonable or ordinary care for the benefit of the invitee’s safety, and the possessor is liable for the breach of such duty.” Mitchell v. Ankney, 396 N.W.2d 312, 313 (S.D.1986) (citing Stenholtz v. Modica, 264 N.W.2d 514, 516 (S.D.1978); Norris v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co., 74 S.D. 271, 273, 51 N.W.2d 792, 793 (1952); Restatement (Second) of Torts, § 343 (1965)). The “duty of reasonable and ordinary care requires keeping the property reasonably safe for the benefit of the invitee.” Id. at 313 (citations omitted).
[¶ 11.] Prairie Market argues that no liability can attach to a landowner unless he had knowledge of the allegedly dangerous condition on his property. Prairie Market cites Parker v. Casa Del Rey-Rapid City, Inc., wherein this Court stated: “Reasonable and ordinary care requires [a landowner] to keep [his] premises safe and warn any invitee ... of any ‘concealed, dangerous conditions ... known to [him].’ ” 2002 SD 29, ¶ 7, 641 N.W.2d 112, 116 (quoting Mitchell, 396 N.W.2d at 313) (emphasis added). Prairie Market also relies on Kryger v. Dokken: “It is necessary that it be established that the possessor had knowledge of the presence of a dangerous condition of his premises or that the condition existed for such a period of time as to justify an inference that he had knowledge of its existence.” 386 N.W.2d 481, 483 (S.D.1986) (quoting Norris, 74 S.D. at 273, 51 N.W.2d at 793). Prairie Market contends that it did not know of the dangerous condition on its premises and therefore did not owe Janis a duty of reasonable or ordinary care.
[¶ 12.] Some confusion exists in South Dakota because the duty a landowner owes invitees is essentially two-fold. The general duty of reasonable or ordinary care that a landowner owes invitees “includes the duties owed to licensees: to warn of concealed, dangerous conditions known to the landowner and to use ordinary care in active operations on the property.” Mitchell, 396 N.W.2d at 313-14 (emphasis added and citations omitted). See Luke v. Deal, 2005 SD 6, ¶ 15, 692 N.W.2d 165, 169 (quoting Luther v. City of Winner, 2004 SD 1, ¶ 19, 674 N.W.2d 339, 347) (additional citation omitted). “The duty to warn is a subpart of the duty to keep the property reasonably safe[,]” and “[t]he duty to keep the property reasonably safe is, in turn, a subpart of the general duty to exercise reasonable care” for the benefit of others. Mitchell, 396 N.W.2d at 314. The requirement that a landowner know of the dangerous condition on his property limits his duty to warn, but does not constrain his more *502 general duty to keep his property reasonably safe. Id. at 313-14.
[¶ 13.] The liability of a landowner to an invitee for failure to render the premises reasonably safe for an invitee, or failure to warn him of a dangerous condition on the premises, is predicated upon a landowner’s superior knowledge concerning the dangers of his property. Id. at 314 (quoting Norris, 74 S.D. at 274, 51 N.W.2d at 793) (additional citation omitted). This is not to say, as Prairie Market contends, that no liability can attach for failure to make the premises reasonably safe if a landowner did not know of the allegedly dangerous condition on his property. Tort law “function[s] to promote care and punish neglect by placing the burden of [the] breach on the person who can best avoid the harm.” Clausen v. Aberdeen Grain Inspection, Inc., 1999 SD 66, ¶ 38, 594 N.W.2d 718, 726 (citations omitted). A landowner has superior knowledge of the condition of his property as compared to invitees. See Kryger, 386 N.W.2d at 483 (noting that liability may exist where a dangerous condition on a landowner’s property has existed for such a period of time as to justify the inference that he had knowledge of its existence). A landowner is often in the best position to avoid the harm.[1] See id.
[¶ 14.] In South Dakota, the duty a landowner owes invitees emulates the Restatement (Second) of Torts, which provides:
A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
(c) fails to exercise reasonable care to protect them against the danger.
Restatement (Second) of Torts, § 343.
[¶ 15.] Foreseeability, rather than knowledge, however, is the touchstone of the existence of the duty of reasonable or ordinary care. Pierce, 2001 SD 41, ¶ 12, 624 N.W.2d at 355. “The risk reasonably to be perceived defines the duty to be obeyed[.]” Peterson, 1998 SD 60, ¶ 14, 578 N.W.2d at 592 (quoting Nicholas v. Tri-State Fair & Sales Ass’n, 82 S.D. 450, 456, 148 N.W.2d 183, 186 (1967) (quoting Palsgraf v. Long Island R.R. Co., 248 N.Y. 339, 344, 162 N.E. 99, 100 (1928))). “Whether a common-law duty exists depends on the foreseeability of injury.” Luke, 2005 SD 6, ¶ 19, 692 N.W.2d at 170 (quoting Poelstra, 1996 SD 36, ¶ 16, 545 N.W.2d at 826). A foreseeable risk of *503 harm is one that would be anticipated by a reasonable person. Therefore, “[a] landowner is not required to take measures against a risk [that] would not be anticipated by a reasonable person.” Pierce, 2001 SD 41, ¶ 12, 624 N.W.2d at 355 (citing Peterson, 1998 SD 60, ¶ 14, 578 N.W.2d at 592).
[¶ 16.] The trial court granted Prairie Market’s motion for summary judgment on the basis that Prairie Market did not owe a duty of reasonable or ordinary care to Janis. The trial court concluded that the risk of harm was not foreseeable because no prior similar incidents had occurred on the premises. Janis argues that the trial court erred by allowing the lack of prior similar incidents to be determinative of foreseeability. Janis asserts that foreseeability must be viewed in light of all the surrounding facts and circumstances. When all the facts and circumstances of this case are considered, Janis contends that the risk of harm was foreseeable so that Prairie Market had a duty to use reasonable or ordinary care to make its premises safe for its business invitees, including Janis. Prairie Market maintains that the risk of harm was not foreseeable because no prior similar incidents had occurred on its premises.
[¶ 17.] The trial court ruled as a matter of law that the risk of harm was not foreseeable. “[T]he existence of a duty is a question of law to be determined by the court.” Small I, 403 N.W.2d at 413 (citation omitted). “Although foreseeability is a question of fact in some contexts, foreseeability in defining the boundaries of a duty is always a question of law.” Smith ex rel. Ross v. Lagow Constr. & Dev. Co., 2002 SD 37, ¶ 18, 642 N.W.2d 187, 192 (citing Poelstra, 1996 SD 36, ¶ 9, 545 N.W.2d at 825-26) (additional citations omitted). A court “must determine if a relationship exists between the parties such that the law will impose upon the defendant a legal obligation of reasonable conduct for the benefit of the plaintiff.” Pierce, 2001 SD 41, ¶ 8, 624 N.W.2d at 355 (quoting Bland v. Davison County, 507 N.W.2d 80, 81 (S.D.1993)). As a question of law, this Court reviews the trial court’s foreseeability determination de novo. Poelstra, 1996 SD 36, ¶ 9, 545 N.W.2d at 825 (citations omitted).
[¶ 18.] The present case calls this Court to examine the standard for determining foreseeability in premises liability cases. In Small I, Rocky Blair abducted, raped, and murdered Teresa Small in a McKennan Hospital parking ramp. 403 N.W.2d at 411. McKennan Hospital knew of criminal activity in the parking ramp, although no one had been murdered there. Id. “[T]his Court refused to allow the lack of prior similar incidents to be determinative of foreseeability[.]” Small II, 437 N.W.2d at 199 (citing and discussing Small I, 403 N.W.2d 410). “Prior incidents, whether similar or not, were properly held to constitute evidence of foreseeability” and could “be considered with all the other facts and circumstances relating to the issue,” but were not required. Id. Ultimately, this Court held that “[t]he duty to foresee a risk of harm is dependent upon all the surrounding facts and circumstances and may require further investigation or inquiry before action is taken.” Small I, 403 N.W.2d at 413 (quoting Ward v. LaCreek Elec. Ass’n, 83 S.D. 584, 588, 163 N.W.2d 344, 346 (1968)). See Johnson v. Straight’s, Inc., 288 N.W.2d 325, 328 (S.D.1980). Foreseeability therefore depends on the facts of each individual case. Small II, 437 N.W.2d at 199 (citing and discussing Small I, 403 N.W.2d 410).
[¶ 19.] It is true, as Prairie Market contends, that Small I is distinguishable from the case at hand. Small I involved a landowner’s failure to protect an invitee *504 from an assault by a third party. 403 N.W.2d 410. Yet, this Court’s reasons for rejecting the prior similar incidents rule in Small I are equally applicable in this case. “[T]he ‘prior similar incidents’ rule ‘contravenes the policy of preventing future harm.’ ” Id. at 412 (quoting Isaacs v. Huntington Mem’l Hosp., 38 Cal.3d 112, 125, 211 Cal.Rptr. 356, 361, 695 P.2d 653, 658 (1985)). “[U]nder the [prior similar incidents] rule, the first victim always loses, while subsequent victims are permitted recovery.” Id. A landowner should not get one free injury on his property before he can be held liable. See id. Furthermore, “various trial courts may differ as to what is a ‘similar’ incident” and may have trouble defining temporal and territorial limits for purposes of determining foreseeability. Id.
[¶ 20.] Moreover, this Court’s rejection of the prior similar incidents was not limited to cases involving a landowner’s failure to protect an invitee against an attack by a third party. For instance, in Pierce, an airplane owner brought a negligence action against the City of Belle Fourche after his airplane was damaged when the tie-down ropes provided by the municipal airport broke during a windstorm. 2001 SD 41, ¶¶ 2-6, 624 N.W.2d at 354. The issue was whether the City owed a duty of reasonable care to make the municipal airport safe for Pierce, a business invitee. Id. ¶ 6, 624 N.W.2d at 354-55. This Court considered all the facts and circumstances leading up to the accident and ultimately determined that the City had a duty to use reasonable care to make its premises safe for Pierce because the risk of harm was foreseeable. Id. ¶ 13-17, 624 N.W.2d at 355-56.
[¶ 21.] In the instant case, the trial court applied the incorrect legal standard in determining foreseeability. Foreseeability “is dependent upon all the surrounding facts and circumstances,” not merely the presence or absence of prior similar incidents. Small I, 403 N.W.2d at 413 (citations omitted). In determining whether Prairie Market owed a duty to Janis, we consider the foreseeability of the risk of harm at the time of Janis’s fall. See Peterson, 1998 SD 60, ¶ 16, 578 N.W.2d at 592 (noting that foreseeability for purposes of establishing duty is viewed at the time the act or omission occurred). “The foreseeability inquiry requires us to consider the circumstances and the knowledge [Prairie Market] possessed[.]” See id.
[¶ 22.] The facts and circumstances of this case demonstrate that the risk of harm was foreseeable. It was foreseeable that a rug placed on a wet tile floor immediately inside a frequently opened door on a January day might involve an unreasonable risk of harm. Because the risk of harm was foreseeable, Prairie Market had a duty to use reasonable or ordinary care to make its premises safe for its business invitees, including Janis. See Pierce, 2001 SD 41, ¶ 12, 624 N.W.2d at 355. Indeed, the risk of harm may have been sufficiently foreseeable so that Prairie Market had a duty to conduct “further investigation or inquiry.” See Small I, 403 N.W.2d at 413 (citations omitted). Ultimately, whether Prairie Market breached the duty it owed Janis is a question of fact to be determined by a jury. See Pierce, 2001 SD 41, ¶ 28, 624 N.W.2d at 357.
[¶ 23.] It must be noted that a landowner is not an insurer as to the safe condition of the premises. Mitchell, 396 N.W.2d at 314 (citations omitted). A landowner owes a duty of reasonable or ordinary care to entrants on his property only when all the surrounding facts and circumstances, including the knowledge he *505 possesses, indicate that the risk of harm was foreseeable. Small I, 403 N.W.2d at 413 (citations omitted). The law requires “reasonable foresight, rather than prophetic vision[.]” Peterson, 1998 SD 60, ¶ 19, 578 N.W.2d at 593 (quoting 57A Am.Jur.2d Negligence § 138). Negligence exists only if a landowner breaches his duty to use reasonable care under all the circumstances. Luther, 2004 SD 1, ¶ 19, 674 N.W.2d at 347. A landowner is not strictly hable to those injured on his property.
[¶ 24.] In conclusion, the trial court’s grant of summary judgment in favor of Prairie Market was error. The trial court erred by allowing the lack of prior similar incidents to be determinative of foreseeability. Considering all the surrounding facts and circumstances, including the knowledge Prairie Market possessed, the risk of harm was foreseeable. Prairie Market therefore had a duty to use reasonable or ordinary care to make its premises safe for its business invitees, including Janis. “The question of whether [Prairie Market] met its duty to use reasonable care ... is a question of fact for a properly instructed jury, not a question of law for summary judgment.” See Pierce, 2001 SD 41, ¶ 28, 624 N.W.2d at 357.
[¶ 25.] Reversed and remanded.
[¶ 26.] GILBERTSON, Chief Justice, and MEIERHENRY, Justice, concur.
[¶ 27.] KONENKAMP and ZINTER, Justices, concur with a writing.

. In some instances, the burden to avoid the harm is on the invitee:
The possessor of land is not an insurer of the safety and welfare of an invitee, and thus an owner or occupier of premises may not be liable for injuries where the dangerous condition is known or obvious to the invitee.... In the ordinary case, an invitee who enters land is entitled to nothing more than knowledge of the conditions and dangers he will encounter if he comes. If he knows the actual conditions, and the activities carried on, and the dangers involved in either, he is free to make an intelligent choice as to whether the advantage to be gained is sufficient to justify him in incurring the risk by entering or remaining on the land. The possessor of the land may reasonably assume that he will protect himself by the exercise of ordinary care, or that he will voluntarily assume the risk of harm if he does not succeed in doing so.
Mitchell, 396 N.W.2d at 315 (internal citations omitted).